**Anderson AUSTIN, Plaintiff,**

v.

**Jesse M. CALHOON, as Chairman of the Board of Trustees and as a Trustee of the MEBA Pension Trust, Defendant.**

**No. 72 Civ. 4846.**

United States District Court,
S. D. New York.

July 11, 1973.

Robert P. Levine, New York City, for plaintiff.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendant; Edward Silver, Harvey K. Buchbinder, Myra J. Green, New York City, of counsel.

## MEMORANDUM

LASKER, District Judge.

Anderson Austin has been a member of The National Marine Engineer's Beneficial Association (MEBA) since 1945. Between 1945 and 1964, he was regularly employed by various steamship companies as a marine engineer. He brings this suit against Jesse M. Calhoon, as Chairman of the Board of Trustees of the MEBA Pension Trust, for a disability pension effective July 9, 1967. Jurisdiction is alleged to arise under Section 301 of the Labor Management Relations Act (the Act), 29 U.S.C. § 185.

Calhoon moves to dismiss under Rule 12(b)(1), Federal Rules of Civil Procedure, on the ground that the court lacks jurisdiction of the subject matter.

Beginning in 1961, Austin has been the victim of a duodenal ulcer which has required hospitalization, surgery and treatment continuing to the present. On July 9, 1967, Austin applied to the MEBA Pension Trust for the payment of a disability pension pursuant to Section 6 of the Trust Regulations which provides that an employee is entitled to retire on a disability pension if he becomes permanently and totally disabled and meets other requirements which Austin has done. Austin underwent medical examination, the results of which were submitted to the Board of Trustees. On June 16, 1971, the Board rejected Austin's application, apparently concluding that he was not permanently and totally disabled. That decision has been reconsidered at Austin's request, and reaffirmed.

On this motion the facts alleged are deemed true, and, in any event, Calhoon does not contest them. Rather, Calhoon contends that § 301 of the Act does not confer jurisdiction on the District Courts to entertain the claim here presented. We agree and grant the motion.

The relevant provisions of § 301 read:

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry effecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Section 301 was enacted as a result of Congressional concern that collective bargaining agreements be mutually enforceable and to promote such bargaining itself. In the light of this purpose, there was early doubt whether the Section sanctioned suits to enforce individual rights. These doubts were substantially resolved in Smith v. Evening News Association, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962) which sustained § 301 jurisdiction of an individual employee's claim that an employer's lockout of union members during a strike by another union discriminated against him in violation of a clause in the collective bargaining agreement between his union

and the employer. The court held that § 301 conferred jurisdiction of an action pertaining to a contract between a union and an employer, even though the plaintiff was a union member, and not the union.

> "Smith did not hold, however, that individual employees always have a right to sue under Section 301(a) [29 U.S.C. § 185(a)] for any kind of breach of collective bargaining agreement. The Court specifically reserved that question stating:
>
>> "[N]or do we deal with the standing of other employees to sue upon other clauses in other contracts. (371 U.S. at 201 n. 9, 83 S.Ct. 267)". Abruscato v. Industrial Workers (AIW), Local 199, 58 L.C. 22, 547 (S.D.N.Y.1968).

The thrust of *Smith* was that the individual rights enforceable under § 301 are those which

> "—are [the] major focus of the negotiation and administration of collective bargaining contracts "

are

> "intertwined with union interests"

or which

> "precipitate grave questions concerning the interpretation and enforceability of the collective bargaining contract". *Smith, supra,* 371 U.S. at 200, 83 S.Ct. at 270.

Austin's claim meets none of these tests. It is not one which involves "[the] major focus of the negotiation and administration of the contract"; it surely is not "intertwined with union interests" and it precipitates no question, much less a "grave" question "concerning the interpretation and enforceability of the collective bargaining contract". Grave as the issue understandably is to Austin, it involves not a matter of contract interpretation (or enforceability) but rather a *medical judgment* as to whether or not he is disabled. *See* O'Rourke v. Breakstone Brothers, Inc., 218 F.Supp. 648 (S.D.N.Y.1963), a post-*Smith* decision in which it was held that even if a suit falls within the literal language of § 301, jurisdiction fails where the right litigated was so "uniquely private and personal as to be outside the pale of a federal labor question" (at 650). *See* also Miniard v. Lewis, 128 U.S.App.D.C. 299, 387 F.2d 864 (1967).

Plaintiff has not brought to our attention, nor has our research unearthed any decision in which a federal court has assumed jurisdiction under § 301 of a claim of wrongful denial of pension benefits. To the contrary, in George v. Lewis, 204 F.Supp. 380 (D.Colo.1962), such a suit was remanded to the state court as wrongfully removed.

Austin's reliance on *Abruscato, supra,* is misplaced. That decision, with which we agree, involved a claim of improper diversion of funds by the trustees, in violation of the collective bargaining agreement. Here, as we have stated above, Austin merely contests a medical judgment. Important as the issue undoubtedly is to Austin, the Federal District Courts do not have jurisdiction over such a claim.

The motion to dismiss is granted.

It is so ordered.