**Louis BLAZQUEZ, Plaintiff,**

v.

**NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, Defendant.**

**No. 78 Civ. 2771 (CHT).**

United States District Court, S. D. New York.

Jan. 12, 1979.

---

Schoffman & Skovronsky, Brooklyn, N. Y., for plaintiff; Harold Skovronsky, Brooklyn, N. Y., of counsel.

Finley, Kumble, Wagner, Heine & Underberg, New York City, for defendant; Carl A. Schwarz, Jr., Raymond L. Vandenberg, New York City, of counsel.

## OPINION

TENNEY, District Judge.

The plaintiff in this action is seeking retirement and/or disability benefits from the defendant New York City District Council of Carpenters Pension Fund ("Pension Fund"). The Pension Fund has moved pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Rules") for dismissal of the complaint. For the following reasons, the motion is denied.

### Subject Matter Jurisdiction

The plaintiff has alleged jurisdiction in this Court under four separate sections—28 U.S.C. §§ 1331(a) and 1337 and 29 U.S.C. §§ 1132(f) and 186(e). The defendant contends that all are inapposite. The first two are merely general grants of power to the

district court to hear controversies arising under federal law. Therefore, the claim at bar must implicate at least one of the two other bases. *See Phillips Petroleum Co. v. Texaco Inc.,* 415 U.S. 125, 127, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974) (per curiam).

■ 29 U.S.C. § 1132(f) gives authority to the district courts to hear claims brought under the Employment Retirement Income Security Act of 1974 ("ERISA"). However, while the plaintiff's grievances arguably touch the concerns of this legislation, the claim is predicated on service which terminated in 1967, well before ERISA's passage. The statutory scheme has been held not to apply retroactively under these circumstances. *See Martin v. Bankers Trust Co.,* 417 F.Supp. 923 (W.D.Va.1976), *aff'd,* 565 F.2d 1276 (4th Cir. 1977) (ERISA operates prospectively only, and employee whose work terminated prior to passage not entitled to sue under that statute). *But see Fase v. Seafarers Welfare and Pension Plan,* 432 F.Supp. 1037 (E.D.N.Y.1977) (alternate bases of jurisdiction asserted where disability claim covered period from 1972 through February 1975; "more difficult question of jurisdiction under ERISA" not reached by court).

■ The plaintiff is on solid jurisdictional ground, however, when he argues that his claim falls within section 302(e) of the Labor Management Relations Act of 1947, 29 U.S.C. § 186(e). This subsection authorizes suit in federal court for violations of other provisions of the section, including subsection 186(c)(5), which requires that a trust fund be "established . . . for the sole and exclusive benefit of the employees." In *Lugo v. Employees Retirement Fund of the Illumination Products Industry,* 529 F.2d 251 (2d Cir. 1976), the court held that a plaintiff may invoke these subsections where exclusive eligibility requirements in a pension plan are challenged as unreasonable in themselves so as to vitiate the exclusive employee benefit provision. *But cf. Cuff v. Gleason,* 515 F.2d 127 (2d Cir. 1975) (federal jurisdiction lacking where the plaintiff merely claims that as to him the application of rules of a jointly adminis-

tered pension trust is arbitrary and capricious).

Here the averments of the complaint call into question a provision of the defendant's pension plan that automatically denies plan disability benefits upon a determination of ineligibility for similar Social Security benefits, regardless of whether the predicate determination is made on substantive or procedural grounds. This plaintiff did not qualify for or receive Social Security disability benefits because he failed to meet the federal statutory condition that an employee have 20 quarters of employment within the 40 quarters preceding his application for such benefits. Complaint ¶ 21, *see* 42 U.S.C. § 416(i)(3)(B)(i). Although a pension plan "may well be justified in relying on the Social Security determination of disability in order to avoid administrative burden," *Fase, supra,* 432 F.Supp. at 1041, here no such determination of disability was ever made. Instead, the plaintiff ran afoul of a statutory condition precedent which the Congress deemed justified, but which may bear no relation to the scheme contemplated by the pension plan and which may violate the requirement that such scheme be for the sole and exclusive benefit of the employees. Because the defendant's pension plan mandates rigid conformity to the agency ruling regardless of its genesis, the reasonableness of the provision is legitimately in question, and the Court finds jurisdiction to consider that question under 29 U.S.C. § 186(e). *Lugo, supra,* 529 F.2d at 255.

### *Failure to State a Claim*

■ The Pension Fund argues that the plaintiff merely complains of the manner in which pension rules were applied to him, and asserts that any claim of unreasonableness per se is "frivolous" because a pension fund may "rely on the Social Security Administration's determination of a beneficiary's entitlement to disability benefits." Defendant's Reply Memorandum at 3–4. The Court has already adverted to the crucial distinction between a determination of "disability" within the meaning of the So-

cial Security laws and the operation of some procedural bar to the collection of Social Security benefits. Indeed, in *Burroughs v. Board of Trustees of the Pension Trust Fund for Operating Engineers,* 398 F.Supp. 168 (N.D.Cal.1975), *aff'd,* 542 F.2d 1128 (9th Cir. 1976), the court found that a pension plan provision similarly tied to Social Security disability entitlement was unreasonable on its face where the plaintiff had been denied Social Security disability benefits solely on the grounds that an earnings requirement had not been met. The facts at bar thus far developed present an almost indistinguishable situation. It cannot now be said that the plaintiff "can prove no set of facts . . . which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

For all the reasons cited, the defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) is denied.

So ordered.