Whittier COLLINS et al., Plaintiffs,

v.

TRUSTEES OF LOCAL 478 TRUCKING AND ALLIED INDUSTRIES PENSION FUND et al., Defendants.

Civ. A. No. 79–52.

United States District Court, D. New Jersey.

March 31, 1980.

Hellring, Lindeman, Goldstein & Siegal, by Richard K. Coplon, Newark, N. J., for plaintiffs.

Craner & Nelson by John A. Craner, Mountainside, N. J. Morgan, Lewis & Bockius by James A. Matthews, Jr., and Kenneth A. Sprang, Philadelphia, Pa., for defendants.

## OPINION

SAROKIN, District Judge.

Plaintiffs in this action are, with the exception of Helen Kerr, former members of Truck Drivers & Chauffeurs Union Local No. 478 ("Local No. 478") who retired from active employment on or before July 1, 1973, and who have been receiving pension benefits from defendant Local No. 478 Trucking and Allied Industries Pension Fund ("Pension Fund") since their retirement. Plaintiff, Helen Kerr, is the widow of a pensioner. Plaintiffs bring this action as a class action on behalf of themselves and all other persons similarly situated.

Defendant Pension Fund is a jointly administered, multi-employer Trust maintained pursuant to section 302 of the Labor Management Relations Act of 1947, 29 U.S.C. § 186, which was established to provide pension benefits for eligible participants working under the jurisdiction of Truck Drivers & Chauffeurs Union Local

No. 478. The individual defendants are either current or former Trustees of the Pension Fund.

This action was commenced by the plaintiffs in January 1979. The complaint alleges that in November 1973, the Trustees unlawfully decided to increase the pension benefits of those retirees who retired after July 1, 1973, more than they increased the pension benefits of retirees who retired prior to July 1, 1973. Plaintiffs have asserted three bases of federal jurisdiction under 28 U.S.C. §§ 1331, 1337; 29 U.S.C. §§ 185, 186(a), (b); and 29 U.S.C. §§ 1001–1381.

Defendants have moved for summary judgment, alleging that first, there is no federal jurisdiction; second, there is no material fact in dispute; and third, plaintiffs have failed to state a claim upon which relief may be granted. Plaintiffs have cross-moved for class certification pursuant to *Fed.R.Civ.P.* 23(c)(1).

## FACTUAL BACKGROUND

On January 1, 1957, pursuant to the direction of a Collective Bargaining Agreement executed between the Union and various employers in Essex and Union Counties, New Jersey, an Agreement and Declaration of Trust was adopted, creating a Trust Fund for the purposes of paying or providing for the payment of retirement benefits to eligible employees and their beneficiaries in accordance with the terms, provisions and conditions of the Rules and Regulations of the Pension Plan.

At the time the Pension Fund was established, the maximum monthly pension benefit payable to a retiree was set at $53.50. Throughout the following years the pension benefits increased for all retirees. In 1973, due to a number of factors alleged by the defendants, such as employer contributions, poor financial conditions, the need to fund an unfunded past service liability and the imminent passage of ERISA, the Trustees concluded that it was no longer prudent to attempt to increase the pension benefits of all retirees. Consequently, in November 1973, the Trustees authorized an increase in the pension benefits for employees retiring after July 1, 1973, to $455.00 per month,

and an increase in the monthly pension benefit of persons who retired prior to July 1, 1973, to $399.00 per month. The defendants allege that financial pressures on the Pension Fund have increased in the years following the Trustees' action, which have resulted in unchanged pension benefits since 1973 to the time of commencement of this action.

## FEDERAL JURISDICTION

Defendants contend that there is no federal jurisdiction in this action. On the basis of the pleadings, exhibits and affidavits submitted, the Court concludes that it does not have subject matter jurisdiction for the reasons hereinafter set forth.

Section 301 of the Labor-Management Relations Act ("LMRA") provides in pertinent part:

> (a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Plaintiffs argue that the decision of the Trustees to increase pension benefits to certain retirees and not to others constitutes a breach of the collective bargaining agreement. Plaintiffs cannot cite any provision of the Collective Bargaining Agreement in effect in November 1973 which defendants have violated or breached.

In *Leskiw v. Local 1470, Int'l Bhd. of Elec. Workers, AFL–CIO–CLC*, 464 F.2d 721 (3d Cir.), *cert. denied*, 409 U.S. 1041, 93 S.Ct. 526, 34 L.Ed.2d 490 (1972) the Third Circuit held that where there is no allegation or involvement of violations of the collective bargaining agreement, subject matter jurisdiction is lacking under 29 U.S.C. § 185. *Id.* at 722. " 'Congress . . . in enacting this section expressly required a breach of labor contract as a prerequisite to

jurisdiction by a Federal district court.'" *Id.* (citation omitted); see *Adams v. Budd Co.*, 349 F.2d 368 (3d Cir. 1965); *Palnau v. Detroit Edison Co.*, 301 F.2d 702 (6th Cir. 1962); *accord, Austin v. Calhoon*, 360 F.Supp. 515, 517 (S.D.N.Y.1973); *Beam v. Int'l Organization of Masters, M., & P.*, 511 F.2d 975, 978–79 (2d Cir. 1974).

Plaintiffs rely upon *Allied Chemical and Alkali Workers v. Pittsburgh Plate Glass Co.*, 404 U.S. 157, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971) for the proposition that federal jurisdiction may be based on section 301 of the LMRA. Plaintiffs assert that the pensioners have a remedy under section 301 of the LMRA when benefits are unilaterally changed. The Supreme Court, in *dicta*, states "vested retirement rights may not be altered without the pensioner's consent . . . The retiree, moreover, would have a federal remedy under § 301 of the Labor Management Relations Act for breach of contract if his benefits were unilaterally changed." *Id.* at 181 n. 20, 92 S.Ct. at 398. Said decision does not address the specific question of subject matter jurisdiction under section 301 where there has been no showing of a breach of contract. Furthermore, no vested retirement rights have been altered in the within action.

Moreover, the plaintiffs' reliance upon the Third Circuit decision in *Nedd v. United Mine Workers of America*, 556 F.2d 190 (3d Cir. 1977) is misplaced. The *Nedd* case involved the right of pensioned coal miners to obtain relief for the failure of the pension fund trustees and their unions to enforce a contractual obligation to pay royalties to the pension fund. The § 301 claim against the trustees was predicated upon a specific agreement. However, the *Nedd* case does discuss the desirability of applying a "federal common law" to a claim against trustees, but states in a footnote:

> [w]hile we certainly do not hold that all breaches of fiduciary duty may be redressed in an action under § 301 of the Labor Management Relations Act, sound public policy compels the conclusion that § 301 supports a federal common law cause of action for tortious interference with a collective bargaining agreement by a pension fund trustee, in violation of his fiduciary duty to the pensioners.

*Id.* at 198 n. 13.

█ The foregoing does not seem to suggest an abolition of the § 301 test requiring a contractual violation as a threshold to application of federal common law to the acts of the Trustees. In the instant case the collective bargaining agreement does not impose and establish the fiduciary duties of the Trustees. This Court, therefore, finds there is no jurisdiction under section 301 in this matter.

█ Plaintiffs also allege jurisdiction under section 302 of the LMRA, 29 U.S.C. § 186(a) and (b)[1] which prohibits employers

1. Section 302 of the LMRA provides:

(a) It shall be unlawful for any employer or association of employers or any person who acts as a labor relations expert, adviser, or consultant to an employer or who acts in the interest of an employer to pay, lend, or deliver, or agree to pay, lend, or deliver, any money or other thing of value—

(1) to any representative of any of his employees who are employed in an industry affecting commerce; or

(2) to any labor organization, or any officer or employee thereof, which represents, seeks to represent, or would admit to membership, any of the employees of such employer who are employed in an industry affecting commerce; or

(3) to any employee or group or committee of employees of such employer employed in an industry affecting commerce in excess of their normal compensation for the purpose of causing such employee or group or committee directly or indirectly to influence any other employees in the exercise of the right to organize and bargain collectively through representatives of their own choosing; or

(4) to any officer or employee of a labor organization engaged in an industry affecting commerce with intent to influence him in respect to any of his actions, decisions, or duties as a representative of employees or as such officer or employee of such labor organization.

(b)(1) It shall be unlawful for any person to request, demand, receive, or accept, or agree to receive or accept, any payment, loan, or delivery of any money or other thing of value prohibited by subsection (a) of this section.

(2) It shall be unlawful for any labor organization, or for any person acting as an officer, agent, representative, or employee of such labor organization, to demand or accept from the

from making payments to unions and prohibits unions from receiving such payments. The Act does, however, permit employers to contribute to jointly administered pension funds. 29 U.S.C. § 186(c)(5). The federal district courts have jurisdiction over violations of this section.[2] 29 U.S.C. § 186(e). It is well-settled in this circuit that section 302 grants federal jurisdiction only over "structural violations"—acts which violate the statutory prohibition of section 302(c). *Associated Contractors of Essex County, Inc. v. Laborers Int'l Union of No. America,* 559 F.2d 222, 225 (3d Cir. 1977). Breach of fiduciary duties of trustees in the administration of a pension trust fund are not within the scope of federal jurisdiction granted by Congress under section 302 of the LMRA.

> Some authorities suggest that section 302(e) vests the federal courts with broad, equity jurisdiction over the operation and administration of 302(c)(5) trusts. The majority position, however, to which this circuit subscribes, does not find in section 302 a grant of jurisdiction board [sic] enough to reach plaintiffs' non-statutory claims in the instant case.

*Id.* at 226 (citations omitted); see *Bowers v. Moreno,* 520 F.2d 843, 846 (1st Cir. 1975); *Porter v. Teamsters Health, Welfare, and Life Insurance Funds of Philadelphia and Vicinity,* 321 F.Supp. 101, 103 (E.D.Pa.1970). The plaintiffs have not alleged any "structural violation" of the Pension Trust Fund; rather they have alleged that the Trustees breached their fiduciary duties by increasing benefits to certain pensioners and not to others. Such claim does not fall within the "structural violation" concept necessary for jurisdiction under § 302.

Plaintiffs again rely upon the Third Circuit decision in *Nedd v. United Mine Workers of America, supra.* Said decision does not abolish "structural violations" as a threshold to the application of federal common law respecting the fiduciary obligations of welfare fund trustees. The Court stated:

> [t]he very enactment of § 302(c)(5) shows that Congress was not satisfied to leave protection of these bargained-for benefits entirely up to the state law of trusts. That does not necessarily mean that Congress has preempted all state law with respect to the fiduciary obligations of welfare fund trustees. Such a construction of the statute is possible.

*Id.* at 205.

The *Nedd* decision recognized, however, that the federal courts which have considered the availability of private federal law causes of action have limited same to a very narrow area, i. e. "structural violations". Upon a specific finding of a structural deficiency claim, the court held that there was federal question jurisdiction. The *Nedd* decision is not applicable to the case at bar since there is no proof of a "structural violation"[3] as required by section 302(c)(5). Without an allegation or proof of a statutory defect, the plaintiffs

operator of any motor vehicle (as defined in part II of the Interstate Commerce Act) employed in the transportation of property in commerce, or the employer of any such operator, any money or other thing of value payable to such organization or to an officer, agent, representative or employee thereof as a fee or charge for the unloading, or in connection with the unloading, of the cargo of such vehicle: Provided, That nothing in this paragraph shall be construed to make unlawful any payment by an employer to any of his employees as compensation for their services as employees. 29 U.S.C. § 186(a), (b).

**2.** Section 302(e), 29 U.S.C. § 186(e) provides:
    (e) The district courts of the United States and the United States courts of the Territories and possessions shall have jurisdiction, for cause shown, and subject to the provisions of section 381 of Title 28 (relating to notice to opposite party) to restrain violations of this section, without regard to the provisions of section 17 of Title 15 and section 52 of this title, and the provisions of chapter 6 of this title.

**3.** The "structural violation" alleged in the *Nedd* case was that the union-designated trustees were in a majority in the administration of the trust fund. Such an action is clearly within the prohibition of section 302(c)(5) which mandates, in part, that "employees and employers are equally represented in the administration of such fund, together with such neutral persons as the representatives of the employers and the representatives of the employees may agree upon . . . ." 29 U.S.C. § 186(e).

have no federal jurisdiction under section 302.

■ Plaintiffs also rely upon the Employee Retirement Income Security Act, ("ERISA"), 29 U.S.C. §§ 1101–1381, as a basis for federal court jurisdiction. Section 502(e) provides for federal jurisdiction of violations arising under ERISA:

> (e)(1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this action.[4]

29 U.S.C. § 1132(e)(1). In addition, section 404 of ERISA sets forth specific fiduciary duties which must be discharged with respect to pension plans.[5] Congress, however, declared that "[e]xcept as provided . . . this part shall take effect on January 1, 1975." 29 U.S.C. § 1114(a). In addition, section 514 of ERISA states that "[t]his section shall not apply with respect to any cause of action which arose, or any act or omission which occurred, before January 1, 1975." 29 U.S.C. § 1144(b)(1). The plain language of the statute has compelled courts to find "that acts or omissions that occurred prior to the effective date of ERISA are not controlled by the provisions of the Act." *Reuther v. Trustees of Trucking Employees of Passaic and Bergen County Welfare Fund*, 575 F.2d 1074, 1078 (3d Cir. 1978); see *Cowan v. Keystone Employee Profit Sharing Fund*, 586 F.2d 888, 893–895 (1st Cir. 1978); *Martin v. Bankers Trust Co.*, 565 F.2d 1276, 1278–79 (4th Cir. 1977). In *Malone v. White Motor Co.*, 435 U.S. 497, 499 n. 1, 98 S.Ct. 1185, 1187, 55 L.Ed.2d 443 (1978), the Supreme Court, in *dicta*, stated that "[b]ecause ERISA did not become effective until January 1, 1975, and expressly disclaims any effect with regard to events before that date, it does not apply in this case."[6] Plaintiffs contend that the prospective application of the statute is not intended where there is a "continuing breach" as here alleged. The Fourth Circuit in *Martin v. Bankers Trust Co., supra*, rejected the theory of a continuous violation "since it, in effect, would read the exception of section (b)(1) out of the statute." *Id.* at 1279; see *Schatte v. International Alliance, T.S.E.*, 182 F.2d 158, 164 (9th Cir.), *cert. denied*, 340 U.S. 827, 71 S.Ct. 64, 95 L.Ed. 608, *reh. denied*, 340 U.S. 885, 71 S.Ct. 194, 95 L.Ed. 643 (1950).

■ Plaintiffs also base federal jurisdiction on 28 U.S.C. §§ 1331, 1337.[7] These

---

4. Subsection (a)(1)(B) provides:
   (a) A civil action may be brought—
   (1) by a participant or beneficiary—

   (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. 29 U.S.C. § 1132.

5. Section 404 of ERISA provides in pertinent part that:
   a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—
   (A) for the exclusive purpose of:
   (i) providing benefits to participants and their beneficiaries; and
   (ii) defraying reasonable expenses of administering the plan;
   (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims;

   29 U.S.C. § 1104.

6. The *Reiherzer v. Shannon*, 581 F.2d 1266 (7th Cir. 1978), decision relied upon by plaintiffs held only that plaintiff Reiherzer in that case had federal subject matter jurisdiction since his application for disability benefits was denied on November 14, 1974 and the court found section 502 of ERISA became effective on the date of enactment, September 2, 1974. *Id.* at 1272. The alleged cause of action in the instant case dates to 1973; therefore, even under *Reiherzer*, the plaintiffs have no subject matter jurisdiction.

7. 28 U.S.C. § 1331 provides in pertinent part that:
   (a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or

statutes contain the prerequisite amount in controversy needed for federal jurisdiction and a general grant to the district courts to hear civil actions arising under any Act of Congress regulating commerce. The aforesaid sections are "merely general grants of power to the district court to hear controversies arising under federal law." *Blazquez v. New York City District Council of Carpenters' Pension Fund*, 463 F.Supp. 727, 728–29 (S.D.N.Y.1979). In the absence of any other basis for jurisdiction, plaintiffs may not base federal subject matter jurisdiction on said statutes standing alone.

Since there is no breach of agreement or structural violation upon which the plaintiffs rely, the issue remains as to whether policy considerations mandate a declaration of federal jurisdiction to review the acts of the Trustees as alleged in this matter. The decision reached by the Trustees is typical of the discretion relegated to trustees in the administration of such funds. Nothing in the statute or its history indicates an intention to vest the federal courts with jurisdiction to review each and every discretionary action taken by the Trustees. The plaintiffs, by this Court's denial of jurisdiction, are not without a remedy. They must pursue that remedy, however, in the state rather than the federal courts. In the absence of a contractual violation under § 301 or a structural violation under § 302, this Court has no jurisdiction.

On the basis of the foregoing, the defendants' motion for summary judgment is granted and the complaint filed herein is dismissed for lack of jurisdiction.

IT IS SO ORDERED.

value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.
Section 1337 provides that:
   [t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.
28 U.S.C. § 1337.