Alton F. MARTIN, Plaintiff,

v.

BANKERS TRUST COMPANY, Trustee Diversified Corporate Services, Inc., Administrator, and Tom's Foods, Ltd., Defendants.

No. 76–2249.

United States Court of Appeals, Fourth Circuit.

Argued May 6, 1977.

Decided Nov. 9, 1977.

W. Stephen Scott, Charlottesville, Va. (Scott & Newell, Charlottesville, Va., on brief), and Robert M. Musselman, Charlottesville, Va., for appellant.

Albert W. Stubbs, Columbus, Ga. (Hatcher, Stubbs, Land, Hollis & Rothchild, Columbus, Ga., Taylor, Brooks & Coles, Charlottesville, Va., on brief), for appellees.

Before RUSSELL, Circuit Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.

FIELD, Senior Circuit Judge:

Alleging his right to benefits under a pension plan, Alton F. Martin, filed this action in the district court against Bankers Trust Company (Bankers Trust), Trustee of the plan, Diversified Corporate Services, Inc., (Diversified), Administrator of the plan, and Tom's Foods Ltd. (Tom's), the employer. The complaint alleged a cause of action under the Employee Retirement Income Security Act (ERISA) of 1974, 29 U.S.C. §§ 1001, *et seq.*, and jurisdiction was based upon Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). Upon its finding that Martin's alleged cause of action arose prior to the effective date of ERISA, the district court dismissed the complaint for lack of subject matter jurisdiction, and Martin has appealed.

The relevant facts are not in dispute. Martin was employed by Tom's from March 15, 1949, until his termination on May 27, 1973, and he claims that under an oral agreement his employment with Tom's was to continue until June 1, 1974, in the capacity of a company consultant. It appears that Martin was never paid for any consulting work and this controversy is the subject of a separate state court proceeding, but in any event, all of the parties agree that Martin's employment did not extend beyond June 1, 1974. The pension plan had its genesis in 1946 when Tom's corporate predecessor Tom Huston Peanut Company initiated the plan for the benefit of its employees. The plan was subsequently adopted by Tom's on October 9, 1970, and during the term of his employment Martin was a participant therein. After terminating his employment Martin notified Bankers Trust, Diversified and Tom's pension committee on August 15, 1973, that he was claiming his right to pension benefits under the plan. He was informed that he was not entitled to any such benefits and the continued refusal of the defendants to make benefit payments was the subject of the complaint which was filed in the district court on November 24, 1975. Since it is conceded that Martin's employment did not extend beyond June 1, 1974, some three months prior to the date on which ERISA was signed into law,[1] the district court properly recognized that the threshold issue was whether there was federal jurisdiction of the subject matter of the case.

---

1. Pub.L. 93–406 which enacted this chapter was signed into law September 2, 1974.

ERISA was enacted by the Congress as a comprehensive program to protect individual pension rights by establishing minimum standards for the regulation of private retirement plans. *See Keller v. Graphic Systems of Akron, Inc., etc.,* 422 F.Supp. 1005, 1007–1008 (N.D.Ohio 1976). Among other things, it establishes requirements for reporting and disclosure, participation, vesting, funding and fiduciary responsibility under such plans. The statute authorizes either the Secretary of Labor or any participant, beneficiary or fiduciary to bring a civil action to enforce compliance with the various provisions of ERISA. *See* 29 U.S.C. § 1132(a)(2), (3), (4), (5), and (6). Additionally, 29 U.S.C. § 1132(a)(1)(B) provides:

(a) A civil action may be brought—

(1) by a participant or beneficiary—
\* \* \* \* \* \*

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

Jurisdiction of the several types of civil actions authorized by the statute is delineated in 29 U.S.C. § 1132(e)(1):

Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.

 The plaintiff contends that since he is seeking to enforce his personal rights as a participant in the plan under Section (a)(1)(B), the jurisdictional statute affords him a choice of either the state or federal forum. In our opinion, however, the federal forum is open to him only upon a showing that he has a federal cause of action under ERISA. Unquestionably, the Act and its legislative history show a Congressional intent to preempt the substantive

regulation of employee pension plans. *See Azzaro v. Harnett,* 414 F.Supp. 473, 474 (S.D.N.Y.1976). However, the relevant statutory section, 29 U.S.C. § 1144 provides in part, as follows:

(a) Except as provided in subsection (b) of this section, the provisions of this subchapter [2] \* \* \* shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan \* \* \*

(b)(1) This section shall not apply with respect to any cause of action which arose, or any act or omission which occurred, before January 1, 1975.

It is clear from the statutory language that the supersedure provision and its exception for causes of action which accrued prior to January 1, 1975, precludes federal jurisdiction of Martin's claim which, concededly, is based upon events which occurred even before ERISA had been signed into law.

In construing similar legislative provisions the courts have rejected the application of a statute to acts and events which occurred prior to its enactment. *See Schatte v. International Alliance, T.S.E.,* 182 F.2d 158, 164 (9 Cir. 1950), *cert. denied,* 340 U.S. 827, 71 S.Ct. 64, 95 L.Ed. 608 (1950), *reh. denied,* 340 U.S. 885, 71 S.Ct. 194, 95 L.Ed. 643 (1950); *Rock Drilling, Blasting, etc. v. Mason & Hanger Co.,* 217 F.2d 687, 691 (2 Cir. 1954). In *Schatte* the court found that since § 301 of the Taft-Hartley Act, 29 U.S.C. § 185, creates "a new substantive liability, actionable in the federal courts, for the breach of a collective bargaining contract \* \* \* [s]uch a new liability was not attached to breaches of contract which occurred before the statute was enacted." 182 F.2d at 164. The court further rejected the plaintiff employee's theory that the continuous act of barring the plaintiffs from employment resulted in a "continuous breach" extending beyond the statute's effective date. The court held that the breach of contract was complete at the time the plaintiffs were originally discharged and any cause of action occurred in its entirety at that time. The reasoning of

---

**2.** "This subchapter" refers to subchapter I, sections 1001 through 1144, and includes the civil enforcement provisions under which the appellant Martin proceeded in the district court.

*Schatte* is particularly apt in the present case since § 1132(a)(1)(B) of ERISA creates a new substantive liability actionable in federal courts for the enforcement of pension plan obligations, in the same fashion as § 301 of the Taft-Hartley Act created a federal cause of action for breach of collective bargaining agreements. *See generally Keller v. Graphic Systems, Inc.,* 422 F.Supp. 1005 (N.D.Ohio 1976), and *Cuff v. Gleason,* 515 F.2d 127 (2 Cir. 1975).

The record in this case clearly demonstrates that ERISA's substantive provisions cannot apply to Martin's claim. His employment relationship terminated no later than June 1, 1974, and Martin first demanded his benefits on August 15, 1973. The contention that the failure to pay such benefits was a continuing breach of duty which brought the claim within the ambit of the federal legislation is without merit since it, in effect, would read the exception of section (b)(1) out of the statute. *See Schatte v. International Alliance, T.S.E., supra,* and *Finn v. Chicago Newspaper Publishers' Association-Drivers Union Pension Plan,* 432 F.Supp. 1178 (N.D.Ill.1977).

In his brief counsel for Martin concedes that he is not charging the defendants with liability for any new duty imposed upon them by ERISA and which did not exist prior to September 2, 1974, but argues that ERISA grants him a federal forum to determine his rights to benefits under the plan. We reject this argument for we agree with the defendants that to place such a construction upon the statute would raise a serious constitutional question. *See Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp.,* 348 U.S. 437, 442, 75 S.Ct. 489, 99 L.Ed. 510 (1955), and *Schatte v. International Alliance, T.S.E., supra,* 182 F.2d at 164.

Since we conclude that the district court lacked jurisdiction of the subject matter, the order of dismissal is affirmed.

*AFFIRMED.*