Samuel D. DAVIS

v.

CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION PLAN OF the INTERNATIONAL BROTHERHOOD OF TEAMSTERS.

Civ. No. 3–78–207.

United States District Court, E. D. Tennessee, N. D.

Oct. 2, 1978.

Roger Owen Hooban, Knoxville, Tenn., for plaintiff.

Cecil D. Branstetter, Nashville, Tenn., Alan M. Levy, Milwaukee, Wis., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

■ Samuel D. Davis, plaintiff in this case, became a participant in defendant's pension fund when the first payment was made in his behalf in 1956 by Robinson Freight Lines. He had in excess of fifteen years service credit with the Fund as of the year 1969. There is a dispute as to how many years he actually had. Plaintiff's contention is that he had over twenty years of service. Defendants contend that plaintiff had fifteen years of service as of 1969. He became totally and permanently disabled in March 1974 as a result of an accident on the job which occurred in December 1973. He is receiving Social Security benefits and meets the physical disability requirements of the defendant pension fund. He ceased working for Smith Transfer, a contributing employer to the defendant pension fund in August 1969 at which time he went to work for Robinson Freight Lines, which was then and remains a non-union employer, making no weekly contribution to defendant pension fund and which has no labor agreement with any union. Plaintiff filed his application for pension funds on March 16, 1977. His application was denied by the defendant because of his break-in-service of over three years. During the relevant time the rule of the pension fund was that a break-in-service of three years or more terminated the employee's right to include his prior years of service in determining his pension benefits. Plaintiff contends that because of his long service with companies providing pension coverage, he acquired a vested right in the funds since his employers had contributed several thousand dollars in his behalf to the fund. One of the determining questions in this regard is whether or not the Employee Retirement Income Security Act (ERISA) of 1974 protects plaintiff in his claimed vested interest in the said fund. We hold that it does not for the reasons hereafter stated.

Defendant's break-in-service occurred in 1969. He never returned to employment with pension coverage after 1969. He did

not have his accident until December 1973, and his disability was not declared until some time in 1974. Hence more than three years passed from the time of the last contribution in his name to the pension fund. Under the pension plan, he lost the right to include years of service prior to this three year break-in-service in determining his pension rights. We are unable to find anything in ERISA indicating that the Act should retroactively apply to these facts. The Act does require the trustees of the pension fund to take into consideration all years worked by the employees in determining what portions of their accrued benefits are vested. But this provision does not apply to persons who had already lost their rights in the pension fund before the Act went into effect. The three year break-in-service ending with plaintiff's disabling accident in December, 1973, before ERISA went into effect, terminated plaintiff's rights under the then valid terms of the pension plan. *See Giler v. Board of Sheet Metal Workers of So. Cal.*, 509 F.2d 848 (9th Cir. 1975).

Plaintiff also contends the break-in-service rule of the pension plan was arbitrary and capricious in the way it was applied to this plaintiff. Plaintiff contends he was never actually notified of the three year break-in-service rule and that if he had been so notified, he would have remained or gone back to covered employment to protect his pension. The Court finds that the defendant pension fund had sent notices of the break-in-service rule to every union local to be passed on to union members and presumably former union members as well. Due to the staggering number of potential pensioners who would be effected by the break-in-service rule (the Teamsters Union has over 400,000 members according to the testimony) this Court finds the notices sent to and displayed by each union local were sufficient so as not to be deemed arbitrary and capricious action by the defendant.

The Court, after consideration of the evidence, arguments of counsel, and the record as a whole, adopts the following findings of fact and conclusions of law:

## Findings of Fact

1. Plaintiff was a participant in the defendant Central States, Southeast and Southwest Areas Pension Fund beginning in 1956, when the first payment was made in his behalf by Robinson Freight Lines.

2. Based on the payments made in his behalf by Robinson Freight Lines and on his years of service as an employee in the trucking industry prior to his entry into the defendant Pension Fund, plaintiff had in excess of fifteen years of service credits with the Fund as of 1969.

3. Plaintiff met all age and number of contribution requirements to receive the disability pension benefit.

4. Plaintiff stopped working for Smith Freight Lines and took a position with Robinson Freight Lines in August, 1969. For some reason unknown to any party, Smith made payments on plaintiff's behalf until March, 1970. However, plaintiff was not in a bargaining unit covered by a collective bargaining agreement, nor were payments made in his behalf to the Defendant Pension Fund at any time later than March, 1970.

5. Plaintiff was totally and permanently disabled in March, 1974, as a result of an accident which took place in December of 1973. Plaintiff received Social Security benefits for his permanent and total disability beginning in September 1974.

6. Plaintiff's application for benefits was treated in accordance with the published rules and policies of the Fund as set forth in the Central States, Southeast and Southwest Areas Pension Plan.

7. Plaintiff was treated in a manner like that of all other applicants for disability benefits, and the Fund and its Trustees have not in any way discriminated against plaintiff in the way in which he was treated. Rather, the same rules were applied to plaintiff which would be applied in the case of any application for a disability benefit.

8. On the basis of the rules set forth in the aforementioned Pension Plan, the Trustees of the Defendant Pension Fund ruled

that plaintiff had sustained a break-in-service between March, 1970, and March, 1973, a period of some three years during which no payments were received by the Fund in plaintiff's behalf, so that he was in no way in employee status in December, 1973 (when the accident in question took place), nor in March, 1974 (when he became totally and permanently disabled). On the basis of plaintiff's lack of employee status and the aforementioned break-in-service (as that term is used in the Central States, Southeast and Southwest Areas Pension Plan) plaintiff was not eligible to receive any benefits from the Plan at the time of his disability.

*Conclusions of Law*

1. This Court has jurisdiction to hear this action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132.

2. Plaintiff was a participant in the Defendant Pension Fund from 1956 through 1970, when payments ceased in his behalf. If Smith Freight Lines made improper payments in plaintiff's behalf because he resigned from their employee rolls as of August, 1969 (which appears to be the case in the records of Robinson Freight, plaintiff's resignation form, and the records of his local union), he ceased being a participant in the Fund in August, 1969, rather than March, 1970.

3. Because plaintiff was disabled at a time more than three years after the last payment was made in his behalf and after he had left covered employment as that term is defined in the Central States, Southeast and Southwest Areas Pension Plan, he was not in employee status and not eligible to receive any benefits from the Plan at that time.

4. Because plaintiff's claim was treated in accordance with the published rules in the Central States Pension Plan, and because he was not treated in a manner which was arbitrary or capricious in any way, the Court must, as a matter of law, sustain the actions of the Trustees in denying this plaintiff benefits and dismiss his complaint in the above captioned case.

5. On the basis of all the facts in the record, and particularly the lack of employee status and break-in-service questions mentioned above, plaintiff is not entitled to any benefits from Defendant Central States Pension Fund and so his complaint must be dismissed with prejudice.

6. The Employee Retirement Income Security Act of 1974, effective as to defendant on January 1, 1976, does not apply in this case where plaintiff's rights in the pension fund terminated by December, 1973.

For these reasons, the Court finds for the defendant. It is hereby ORDERED that plaintiff's complaint be, and the same hereby is, dismissed.

Order Accordingly.