**Harry SAILER, Plaintiff-Appellant,**

**v.**

**RETIREMENT FUND TRUST OF the PLUMBING, HEATING AND PIPING INDUSTRY OF SOUTHERN CALIFORNIA, Defendant-Appellee.**

**No. 77–3025.**

United States Court of Appeals, Ninth Circuit.

July 2, 1979.

Laura W. Kaplan, of Neighborhood Legal Services Inc., Sacramento, Cal., Neal S. Dudovitz and Bruce Miller, Los Angeles, Cal., for plaintiff-appellant.

Richard J. Davis, Jr., Brundage, Beeson & Pappy, Los Angeles, Cal., for defendant-appellee.

Before KILKENNY and SNEED, Circuit Judges, and SKOPIL *, District Judge.

SKOPIL, District Judge:

Appellant, Harry Sailer, a participant in a union pension plan, challenges the denial of his application for a disability pension. He claims that the denial was arbitrary and capricious, in violation of Section 302(c)(5)

* Honorable Otto R. Skopil, Jr., District Judge, United States District Court for the District of Oregon, sitting by designation.

of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). Mr. Sailer appeals from the district court's grant of summary judgment against several of his principal claims. We affirm.

The appellant is a former plumber, union member, and participant in the appellee, Retirement Trust. He would clearly qualify for a disability pension but for a break in employment followed by his failure to file a notice required by the pension plan ("the plan").

Under Article V, Section 6 of the plan, generally all credits are canceled if there is a break in employment. A break in employment occurs if an employee fails to work a minimum amount during a period of five consecutive years. This is known as the "break rule". Under Article V, Section 7 of the plan an employee fifty years of age who has twelve years of pension credits is not subject to the break rule if he files appropriate notices.

The appellant has not worked in covered employment since 1966. He turned fifty one year before the end of the five-year break period. He did not file any of the notices required by Section 7. He alleges that he became disabled in 1973. He applied for a pension on June 6, 1974. The application was denied on July 29, 1974. This action followed.

Two basic issues are raised: (1) Is Article V, Section 7 of the retirement plan arbitrary and capricious on its face or as applied to the appellant, in violation of 29 U.S.C. § 186(c)(5); and (2) Did the district court err in refusing to allow the appellant to present evidence that the break in employment was involuntary?

■ Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5), prohibits employers from making payments to union officials or members except for salary and certain benefits. Included among allowable benefits is "a trust fund established . . for the sole and exclusive benefit" of the employee and his family. See generally Mosley v. National Maritime Union Pension

Plan, 438 F.Supp. 413 (E.D.N.Y.1977). The sole-and-exclusive-benefit standard limits the discretion of the trustees of a pension plan. Mosley v. National Maritime Union, supra, 438 F.Supp. 413. Nevertheless, most courts have given wide discretion to the trustees, short of plainly unjust measures. The standard for review of a trust's denial of benefits is whether the denial was arbitrary and capricious. See Giler v. Board of Sheet Metal Workers, 509 F.2d 848 (9th Cir. 1975); Burroughs v. Board of Trustees, 398 F.Supp. 168 (N.D.Cal.) aff'd 542 F.2d 1128 (9th Cir. 1972); Lee v. Nesbitt, 453 F.2d 1309 (9th Cir. 1972); Rehmar v. Smith, 555 F.2d 1362 (9th Cir. 1976); Roark v. Lewis, 130 U.S.App.D.C. 360, 401 F.2d 425 (1968); Roark v. Boyle, 141 U.S.App.D.C. 390, 439 F.2d 497 (1970). Unless clearly arbitrary (see, e. g., Moseley, supra, 438 F.Supp. 422 n.8), break rules are held to be valid. Indeed, the appellant does not challenge the Section 6 break rule in this case.

Exceptions to break rules have been drawn to prevent unfairness in two cases from this circuit: Lee v. Nesbitt, 453 F.2d 1309 (9th Cir. 1972), and Burroughs v. Board of Trustees, 398 F.Supp. 168 (N.D. Cal.), aff'd 542 F.2d 1128 (9th Cir. 1972). Lee v. Nesbit, supra, involved unfairness because the employee would have lost his benefits despite the fact that he did everything he could to prevent the loss. His break was purely involuntary. Burroughs v. Board of Trustees, supra, involved fairness in a due process sense: an employee must have notice before a forfeiture period can begin to run. In the absence of some showing of obvious unfairness as in Lee and Burroughs, this Court has not been willing to scrutinize justifications for eligibility or vesting rules. Wilson v. Board of Trustees, 564 F.2d 1299 (9th Cir. 1977).

■ We reject the appellant's argument that Article V, Section 7 is arbitrary on its face or as applied. The appellant's break in employment occurred because he failed to work a sufficient number of hours over the relevant period of time.[1] Article V, Section

1. The appellant actually had seven years in which to save his credits from a break-in-service forfeiture, rather than five. Prior to 1967 the break rule required employees to earn a

7 mitigates the Section 6 break rule by permitting employees to file a notice requesting that their credits be vested. We decline to establish an exacting burden of justification for rules that mitigate the potentially harsh effects of break rules.

We intend by this result to encourage pension provisions that liberalize eligibility or vesting requirements. A contrary rule could result in no discernible benefits to employees. Indeed, if we declared Section 7 to be arbitrary in this case, the Section 6 break rule would still disallow the appellant's benefits.

The final issue is whether the district court erred in refusing to hear evidence that the break in employment was involuntary. The second claim for relief in the appellant's complaint is expressly based on this ground. If this case involved only Section 6 of the plan—the standard break rule—there could be little question that *Lee v. Nesbitt,* supra, would require a remand to consider the question of voluntariness. This case raises the additional question whether the Section 7 filing provision softens the Section 6 break rule to such an extent that it is not unfair to apply the break rule to an involuntary break.

The appellant could have prevented forfeiture by filing the required notice. There is nothing about this in itself that is unfair. There could have been unfairness if the appellant's failure to file the notices was somehow involuntary. However, the court below permitted the appellant to proceed to trial on the latter issue. Accordingly, that question is not before us.

We have weighed the purported overreaching of this rule against the importance of certainty, as required by *Wilson v. Board of Trustees,* supra, 564 F.2d 1299 (9th Cir. 1977). We cannot say that the rule challenged is unreasonable and arbitrary.

Accordingly, the judgment of the district court is affirmed.

---

quarter of a credit in a two-year period. Under that rule the appellant would have suffered a break at the end of 1967. In 1967 the trustees enlarged the break period to five years. The

new five-year period was made applicable to everyone who had ever held an interest in the fund.