Pearl Calender **VERMEULEN**, Plaintiff,

v.

**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND**, Defendant.

No. C–78–509–WS.

United States District Court,
M. D. North Carolina,
Winston-Salem Division.

May 15, 1980.

Jack E. Ruby, Winston-Salem, N. C., for plaintiff.

James D. Monteith and S. Dean Hamrick, Fairley, Hamrick, Monteith & Cobb, Charlotte, N. C., and Alan M. Levy, Goldberg, Previant & Uelmen, Milwaukee, Wis., for defendant.

## MEMORANDUM OPINION AND ORDER

HIRAM H. WARD, District Judge.

This case is before the Court for rulings on the parties' cross-motions for summary judgment. Rule 56, Fed.R.Civ.P. The plaintiff James Vermeulen[1] has sued the defendant Pension Fund to recover pension benefits. Jurisdiction is asserted under the federal Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* For the reasons hereinafter stated, the Court will deny the plaintiff's motion and grant the defendant's motion.

The parties do not dispute the facts material to their motions. The plaintiff Vermeulen was a participant in the defendant Pension Fund from 1957 to 1971 (23 years). In 1971, when he was 44 years old, Vermeulen left "covered employment"[2] and began work for an employer who did not contribute to the defendant Fund. He worked for that employer until 1977 when he retired. In 1977, he applied to the defendant Pension Fund for pension benefits under the Fund's early retirement provisions. *See* Central States, Southeast and Southwest Areas Pension Plan, Art. IV, § 3 (January 1, 1976) (Exhibit C to Answers To Plaintiff's First Interrogatories (March 5, 1979)). The

---

1. James W. Vermeulen brought this suit but has since died. His wife and executrix, Pearl C. Vermeulen, replaced him as plaintiff in May 1979. To avoid confusion, the Court will nevertheless refer to Mr. Vermeulen as the plaintiff.

2. "Covered employment" in this instance refers to employment in an industry covered by a Teamster union contract. Central States, Southeast and Southwest Areas Pension Fund, Art. III, § 2 (January 1, 1976) (Exhibit C to Answers To Plaintiff's First Interrogatories To Defendant (March 5, 1979)).

Fund rejected Vermeulen's application on the sole ground that he had sustained a "break in service" between 1971 and 1977 and thereby had lost credit for all prior years of service. Complaint, Exhibit D (October 26, 1978).

The Fund rejected the application under the provisions of its 1976 plan.[3] That plan provided (Art. I, § 11) that normal retirement age was 57. A participant could retire under the early retirement section (Art. IV, § 3) if he was 50 and met all other retirement prerequisites. The prerequisites (Art. I, § 11) were that he (1) complete 20 years of credited service; and (2) have 80 weekly contributions made on his behalf. Additionally, the participant could not have run afoul of the plan's "break in service" provision (see Art. I, § 11 and Art. III, § 3). A "break in service" was defined (Art. III, § 5) as any 36 month period during which the participant was not in covered employment (see n. 2 supra). A "break in service" voided all credited service received by a participant before the break.

In rejecting Vermeulen's application, the Pension Fund took the position that, when Vermeulen left covered employment in 1971, he was 44 and therefore not of sufficient age (50) to qualify for early retirement, although he had met the other retirement requirements. See Central States, Southeast and Southwest Area Pension Plan, Art. III, § 16 (July 1, 1973) (Exhibit D to Answers To Plaintiff's First Interrogatories). The Fund decided further that, when Vermeulen turned 50, he had been absent from covered employment for more than 36

months, had therefore sustained a "break in service," and could no longer satisfy the 20-year service requirement. The Fund did not question any other aspect of Vermeulen's application. Answers To Plaintiff's First Interrogatories, nos. 2 and 4.

Before it can address the issues raised by this case, the Court must turn to the question of its jurisdiction over the subject matter of Vermeulen's claims.[4] Vermeulen's complaint asserts that the defendant Fund's "break in service" rule violated various provisions of the federal Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. The complaint may also be read to assert two other claims: that the Fund simply misapplied its own "break in service" rule; and that the "break in service" rule operated arbitrarily and capriciously when applied to Vermeulen's application.[5]

■ This Court has no subject matter jurisdiction over the claim that the defendant Fund violated ERISA. ERISA provides generally for federal jurisdiction over individual civil actions. 29 U.S.C. § 1132(e). A subsequent provision in the Act's enforcement section further provides, however, that federal supersedure of state law does not take effect until January 1, 1975 and that supersedure does "not apply with respect to any cause of action which arose, or any act or omission which occurred, before January 1, 1975." 29 U.S.C. § 1144. The Fourth Circuit held in Martin v. Bankers Trust Co., 565 F.2d 1276, 1278 (4th Cir. 1977), that these limiting provisions preclude federal jurisdiction over a claim

---

**3.** The defendant Fund argues that only its 1973 plan is applicable to this case. See Exhibit D to Answers To Plaintiff's First Interrogatories. Its argument is contrary to the position it took when it notified Vermeulen of its rejection of his application. Complaint, Exhibit D (October 26, 1978). Moreover, Vermeulen believes the 1976 plan is applicable; and this Court, on a motion for summary judgment, must view the facts in a light most favorable to the opposing party. The Court also believes, however, that the issue has little significance since, as is discussed infra, the federal Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. —the underlying object of the parties' disagreement—has no application to this case.

**4.** The issue of subject matter jurisdiction is raised sua sponte. Orr v. Orr, 440 U.S. 268, 271, 99 S.Ct. 1102, 1107, 59 L.Ed.2d 306, 314 (1979); Wong v. Bacon, 445 F.Supp. 1177, 1182 (N.D.Cal.1977).

**5.** Vermeulen's complaint specifically alleges only violations of ERISA. Nevertheless, to determine its jurisdiction, the Court must still decide whether the complaint sets out such facts that may support an alternative jurisdictional base. See, e. g., Wong v. Bacon, 445 F.Supp. 1177, 1182 (N.D.Cal.1977).

"based upon events which occurred even before ERISA had been signed into law." The court rejected the argument that the defendant fund's failure to pay benefits was a continuing violation which extended past ERISA's effective date, finding that a "continuing violation" theory would read the January 1, 1975 limitation out of the statute. Moreover, the court also held that ERISA did not provide a general (*i. e.*, common law) "federal forum to determine . . . rights to benefits under [a] plan." 565 F.2d at 1279. The Supreme Court has supported the *Martin* rationale in dicta, *Malone v. White Motor Corp.*, 435 U.S. 497, 499 n. 1, 98 S.Ct. 1185, 1187, 55 L.Ed.2d 443, 447 (1978), and various circuit and district courts have made similar holdings. *Cowan v. Keystone Employee Profit Sharing Fund*, 586 F.2d 888 (1st Cir. 1978); *Reuther v. Trustees*, 575 F.2d 1074 (3d Cir. 1978); *Riley v. MEBA Pension Trust*, 570 F.2d 406 (2d Cir. 1977); *Bacon v. Wong*, 445 F.Supp. 1189 (N.D.Cal.1978). Applying the Fourth Circuit's *Martin* rule here, this Court finds that the acts or omissions upon which Vermeulen's ERISA claim is based (*i. e.*, leaving covered employment and suffering a "break in service") occurred prior to January 1, 1975 and thus beyond the purview of ERISA's prohibitions.

Vermeulen argues that his claim against the Pension Fund did not arise or mature until he applied for and was denied benefits in 1977, that is, after ERISA's effective date. In support of this argument, he cites the Eighth Circuit decision in *Winer v. Edison Brothers Stores Pension Plan*, 593 F.2d 307, 312 (8th Cir. 1979). There, the court held that the defendant pension plan was subject to ERISA where the plaintiffs had been employees as of ERISA's effective

date and where the denial of benefits was based on pre-ERISA acts which, standing alone, did not give rise to a claim against the defendant fund. The *Winer* holding is distinguishable on its facts since Vermeulen both left covered employment and suffered the break in service before ERISA's effective date. The Seventh Circuit reached the same conclusion in *Fremont v. McGraw-Edison Co.*, 606 F.2d 752, 755, 758 (7th Cir. 1979), *cert. denied*, —— U.S. ——, 100 S.Ct. 1599, 63 L.Ed.2d 786 (1980) (plaintiff left covered employment before ERISA's effective date). In any event, the effect of the *Winer* holding—that the employee can control the applicability of ERISA by delaying his request for benefits—is contrary to the rule established by the Fourth Circuit in *Martin.* 565 F.2d at 1278.

Vermeulen also relies on the Seventh Circuit's decision in *Reiherzer v. Shannon*, 581 F.2d 1266 (7th Cir. 1978). There, the court found for an employee who had been denied benefits under a "break in service" rule. *Reiherzer*, however, was not decided under substantive ERISA provisions. Instead, the court found that ERISA's general jurisdictional grant, 29 U.S.C. § 1132, allowed it to decide whether the pension plan violated federal common law. ERISA's "break in service" provisions were not a factor in the case. Moreover, the Seventh Circuit acknowledged that its jurisdictional holding was contrary to that of the Fourth Circuit in *Martin.* 581 F.2d 1271 n. 14.[6]

Federal courts have exercised subject matter jurisdiction over pension plan disputes when those disputes implicate provisions of the federal Labor-Management Relations Act, 29 U.S.C. § 186(c)(5) and (e).[7] Their scope of review has been narrow how-

---

6. Vermeulen's complaint also can be construed to assert jurisdiction under § 401 of the Internal Revenue Code, 26 U.S.C. § 401. *See, e. g.*, Complaint ¶ IX. This Court agrees with the First Circuit's holding in *Cowan v. Keystone Employees Profit Sharing Fund*, 586 F.2d 888, 890 n. 3 (1st Cir. 1978), that "[t]his section does not appear to create any substantive rights that a beneficiary of a qualified retirement trust can enforce." *Accord, Nolan v. Meyers*, 520 F.2d 1276, 1280 (2d Cir.), *cert. denied*, 423 U.S. 1034, 96 S.Ct. 567, 46 L.Ed.2d 408 (1975).

7. Vermeulen does not cite the Labor-Management Relations Act as a jurisdictional base for his claims. Nevertheless, "[t]he failure to comply with the requirement of Rule 8(a)(1) of the Federal Rules of Civil Procedure that the complaint contain 'a short and plain statement of the grounds upon which the court's jurisdiction depends' does not require dismissal for lack of jurisdiction provided that the complaint reveals a proper basis for jurisdiction." *Wong v. Bacon*, 445 F.Supp. 1177, 1182 (N.D.Cal.1977).

ever: "The courts have consistently recognized that Congress did not intend to burden the courts with claims as to whether a pension benefit was correctly or incorrectly denied . . . ." *Johnson v. Botica*, 537 F.2d 930, 933 (7th Cir. 1976); *accord, Riley v. MEBA Pension Trust*, 570 F.2d 406, 412 (2d Cir. 1977); *Burroughs v. Board of Trustees*, 542 F.2d 1128, 1130 (9th Cir. 1976), *cert. denied*, 429 U.S. 1096, 7 S.Ct. 1113, 51 L.Ed.2d 543 (1977). Thus, this Court has no jurisdiction to decide Vermeulen's claim that the defendant Fund misapplied or misinterpreted its "break in service" rule in rejecting his request for benefits. The scope of review under the Labor-Management Relations Act is whether the defendant plan contains "structural defects" that cause it to operate arbitrarily, capriciously, or unreasonably when applied to the participant's application. *Knauss v. Gorman*, 583 F.2d 82 (3d Cir. 1978); *Reiherzer v. Shannon*, 581 F.2d 1266 (7th Cir. 1978); *Wilson v. Board of Trustees*, 564 F.2d 1299 (9th Cir. 1977). Vermeulen's final claim—that the Fund's "break in service" rule operated arbitrarily to deny him benefits—fits within this scope of review and thus may be considered on its merits.

Vermeulen's complaint, which focuses exclusively on the alleged ERISA violations, recognizes implicitly that there is little merit to an attack under § 186 against the Fund's "break in service" rule. The courts have held uniformly that "[a] break-in-employment rule is not by itself arbitrary and capricious . . . ." *Burroughs v. Board of Trustees*, 542 F.2d 1128, 1131 (9th Cir. 1976), *cert. denied*, 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543 (1977); *accord, Sailer v. Retirement Fund Trust*, 599 F.2d 913, 914 (9th Cir. 1979); *Johnson v. Botica*, 537 F.2d 930 (7th Cir. 1976); *Foley v. Devaney*, 528 F.2d 888 (3d Cir. 1976) (per curiam). Where courts have found a "break in service" rule arbitrary and capricious, it has been because the rule adversely affected a participant who had not *voluntarily* caused or allowed the break. *See, e. g., Knauss v. Gorman*, 583 F.2d 82 (3rd Cir. 1978) (employer went bankrupt); *Reiherzer v. Shannon*, 581 F.2d 1266 (7th Cir. 1978) (fund gave participant no notice that

change of job to supervisor caused break); *Burroughs v. Board of Trustees*, 542 F.2d 1128 (participant unaware of "break in service" rule); *Lee v. Nesbitt*, 453 F.2d 1309 (9th Cir. 1972) (no union-related employment available). Absent this involuntary aspect, the courts have upheld "break in service" rules. *See, e. g., Sailer v. Retirement Fund*, 599 F.2d 913 (participant failed to file required notices); *Wilson v. Board of Trustees*, 564 F.2d 1299 (9th Cir. 1977) (participant voluntarily left covered employment; covered employment available); *Foley v. Devaney*, 528 F.2d 888 (participant voluntarily worked for non-contributing employer); *Davis v. Central States, Southeast and Southwest Areas Pension Fund*, 460 F.Supp. 926 (E.D.Tenn.1978). Vermeulen has never suggested and the evidence before the Court does not imply that Vermeulen suffered the "break in service" involuntarily or that he was unaware of the "break in service" rule. Instead, the undisputed facts show that he simply left covered employment for a more attractive job. This Court will therefore uphold the Pension Fund's "break in service" rule.

IT IS THEREFORE ORDERED that the plaintiff Vermeulen's motion for summary judgment be, and the same hereby is, DENIED and that the defendant Pension Fund's motion for summary judgment be, and the same hereby is, GRANTED. A judgment will be entered accordingly.