**Juan MIRANDA, et al.,**
**Plaintiffs-Appellants,**

v.

**R. A. AUDIA, et al.,**
**Defendants-Appellees.**

**No. 81-5006.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 1982.

Decided July 19, 1982.

As Amended on Denial of Rehearing
En Banc Nov. 4, 1982.

Neal S. Dudovitz, National Senior Citizens, Los Angeles, Cal., for plaintiffs-appellants.

George DeRoy, Hochman, Salkin & DeRoy, Beverly Hills, Cal., Reeve J. Jacques, McInnis, Fitzgerald, Rees & Sharkey, San Diego, Cal., for defendants-appellees.

Before SKOPIL and SCHROEDER, Circuit Judges, and EAST,[*] District Judge.

SCHROEDER, Circuit Judge.

Plaintiffs-appellants filed this class action in 1975 challenging the San Diego County Laborers Pension Trust Fund's 15-year minimum service vesting rule. The defendants are the trust fund and its trustees. Plaintiffs, construction laborers, claimed that the Fund's pension eligibility rule, requiring at

[*] Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

least 15 years covered employment in the industry in order to earn a vested right to a pension at retirement age, violated § 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5).[1] The district court held a full trial, and based upon its detailed findings of fact, concluded that the rule was not arbitrary or capricious. The court then denied plaintiffs' motion under Fed.R.Civ.P. 59 to alter or vacate its decision based upon the recent Ninth Circuit decision in *Ponce v. Construction Laborers Pension Trust*, 628 F.2d 537 (9th Cir. 1980). We affirm.

The San Diego County Laborers Pension Trust Fund (Fund) was established in 1963 pursuant to a collective bargaining agreement between Local 89 of the Laborers International Union of North America and San Diego area contractors. The Fund is administered by a board of trustees comprised of equal numbers of employer and union representatives. Payments to the fund are made by employers for each hour worked by a union employee; hourly contribution rates are adjusted periodically through the collective bargaining process. Conditions for pension eligibility and the levels of pension benefits are determined solely by the trustees.

■ The decisions of those empowered with the administration of employee trust funds will be sustained unless arbitrary or capricious or contrary to law. *Smith v. CMTA–IAM Pension Trust*, 654 F.2d 650, 654 (9th Cir. 1981); *Sailer v. Retirement Fund Trust*, 599 F.2d 913, 914 (9th Cir. 1979); *Tomlin v. Board of Trustees*, 586 F.2d 148, 149 (9th Cir. 1978); *Giler v. Board of Trustees*, 509 F.2d 848, 849 (9th Cir. 1975) (per curiam) (as amended). Federal court review of trust fund plans derives from 29 U.S.C. § 302(e), and is limited to consideration of "structural deficiencies." *Turner v. Local 302, International Brotherhood of Teamsters*, 604 F.2d 1219, 1227 (9th Cir. 1979). Section 302(e) jurisdiction "does not

extend to day-to-day fiduciary administration of welfare and pension funds." *Wilson v. Board of Trustees*, 564 F.2d 1299, 1300 (9th Cir. 1977). The sole issue in this case is therefore whether the 15-year vesting requirement operates in a manner that is arbitrary or capricious or contrary to law so as to amount to a structural deficiency.

■ Plaintiffs do not dispute that the trustees enjoy broad discretion in selecting eligibility requirements. This broad discretion gives the court a limited scope of review. *Souza v. Trustees of Western Conference of Teamsters Pension Trust*, 663 F.2d 942, 946 (9th Cir. 1981); *Music v. Western Conference of Teamsters Pension Trust Fund*, 660 F.2d 400, 402 (9th Cir. 1981). Plaintiffs argue that the trustees abused their discretion in this case because an unusually high percentage of employees are excluded from pension benefits. Over 96% of the employees for whom contributions have been made never receive a pension. According to a Senate report relied upon by plaintiffs' expert, the average exclusion rate for pension plans containing a service requirement of eleven years or more is 92%.

Plaintiffs also contend that the pension benefits paid to employees who meet the service requirement are unreasonably high, and that lower benefits should be received by a greater number of retirees. Plaintiffs advocate a 10-year service requirement that would result in pension eligibility for plaintiffs.

The district court concluded that the trustees adequately explained the reasons for the 15-year vesting requirement and the 96% exclusion rate. The principal findings of the district court concerned the unusual work patterns of construction laborers covered by the Fund. The level of terminations from covered employment is higher among construction laborers than in other

---

1. Section 302(c)(5) creates an exception to the general prohibition on payments by an employer to any employee "representative." Contributions to employee trust funds are allowable under § 302(c)(5) if payments to the fund are

"for the sole and exclusive benefit" of employees and their families. *See Music v. Western Conference of Teamsters Pension Trust Fund*, 660 F.2d 400, 402 (9th Cir. 1981).

industries or in other job classifications within the construction industry. The high level of terminations results from a number of factors, including high disability rates, the cyclical availability of construction work, the close relationship of the condition of the industry to the general economic condition of the country, and the movement of construction laborers to more skilled positions.

The court further found that the average age of employees qualifying for benefits had steadily decreased. In addition, trustees of the Fund have adopted a number of rules since the establishment of the trust which, the district court found, relaxed eligibility conditions. These included:

1. Lowering from 65 to 62 the age at which benefits could be obtained with 15 years of service;

2. Removing retirement age requirements completely for employees with 25 years service;

3. Relaxing standards for curing a "break in service";

4. Establishing national reciprocity agreements under which credited service with one local could be transferred to another.

The district court also considered the plaintiffs' argument that the plan's high benefit level, in addition to its high exclusion rate, required the district court to find in their favor. The district court, however, reviewed evidence which included the benefit levels of other plans and the relationship between the increasing benefits and the rising hourly contributions.

Finally, the district court found that reducing the length of the vesting requirement to provide pensions for the members of the plaintiff class (who have more than ten but less than fifteen years credited service) would only provide benefits to an additional 445 employees out of a total of over 30,000 workers for whom contributions were being made. The percentage of contributors excluded would not be materially reduced. These statistics were not found sufficient to support the plaintiffs' claim that the 15-year requirement was a "structural defect" that has been created by an arbitrary or capricious decision of the trustees.

Plaintiffs' principal, if not exclusive, reliance is on this Circuit's recent decision in *Ponce v. Construction Laborers Pension Trust*, 628 F.2d 537 (9th Cir. 1980). *Ponce* was decided a few days before the lower court's decision contrary to plaintiffs, and based upon it, plaintiffs filed a motion under Fed.R.Civ.P. 59 to alter or vacate the court's decision. The district court was not persuaded that *Ponce* changed the result in this case and denied the motion.

In *Ponce* plaintiffs attacked a 15-year minimum service rule as arbitrary and capricious. The *Ponce* pension plan, which covered construction workers in the same general geographical area as in this case, excluded a comparable percentage of workers from receiving benefits and provided a steadily increasing level of benefits.

We cannot agree with plaintiffs that the *Ponce* decision compels a judgment in their favor. While *Ponce* arose out of a similar factual setting, its procedural posture precludes dispositive application to this case. The court in *Ponce* reversed a grant of summary judgment for the defendant trust fund. Reversal was required because, upon plaintiffs' showing that the vesting requirement excluded an unusually high percentage of plan participants, the district court failed to shift the burden to the trustees to show the reasonableness of the requirement. *Ponce*, 628 F.2d at 543. *See Burroughs v. Board of Trustees*, 542 F.2d 1128, 1131 (9th Cir. 1976), *cert. denied*, 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543 (1977). Because summary judgment was granted for the defendants, the record did not indicate whether the trustees could demonstrate the reasonableness of the vesting requirement, and the case was remanded to the district court for trial and factual findings. *Ponce, supra*, at 544.

The present case comes to this court in a far different posture. The trial court below fully considered the reasons for the 15-year rule and rendered thorough findings of fact.

These findings of fact are supported by the evidence and are not clearly erroneous under the standard applied by this court in *Souza v. Trustees of Western Conference of Teamsters Pension Trust*, 663 F.2d 942, 947 (9th Cir. 1981). Nothing in this opinion should be construed as overruling or disapproving of our decision in *Ponce*, nor as precluding a district court from granting relief when facts such as those alleged in *Ponce* are proven.

Affirmed.