DEBORA W. MOORE, Plaintiff v. DONNA MEEKS WOOD and WILLIAM M. MERCER, INC., Defendants and DONNA M. WOOD, Plaintiff v. WILLIAM M. MERCER, INC., Defendant

No. COA00-1179

(Filed 6 November 2001)

**Pensions and Retirement— determining beneficiary—non-ERISA plan—equivalent Internal Revenue Code section**

The trial court did not err by granting summary judgment for plaintiff in an action to determine the recipient of a local government employee's retirement benefit after his death where he had designated plaintiff, his sister, as the beneficiary when the plan was established; he subsequently married defendant; and he did not change the earlier beneficiary designation. This is a "government plan" exempt from ERISA and the section of the Internal Revenue Code concerning the payment of benefits to surviving spouses to which it referred does not create substantive rights

that an individual can enforce as the potential beneficiary of a retirement plan.

Appeal by defendant Donna Meeks Wood[1] from judgment entered 31 July 2000 by Judge Jesse B. Caldwell, III in Mecklenburg County Superior Court. Heard in the Court of Appeals 11 September 2001.

*William F. Burns, Jr. for plaintiff-appellee.*

*Plumides Law Office, by Daniel J. Clifton, for defendant-appellant.*

CAMPBELL, Judge.

Donna Meeks Wood ("defendant") appeals from the trial court's entry of summary judgment in favor of Debora W. Moore ("plaintiff"). We affirm.

Defendant is the surviving spouse of Walter J. Wood ("decedent"), as well as the administrator of decedent's estate. Plaintiff is the surviving sister of decedent. Prior to his death on 6 April 1999, decedent was an employee of the Housing Authority of the City of Charlotte ("CHA") and a participant in the CHA's Housing-Renewal and Local Agency Retirement Plan ("the Plan"), which was administered by William M. Mercer, Inc. ("Mercer"). At the time of his death, decedent had built up a retirement account under the Plan.

In 1993, when the original contract was signed by decedent establishing his retirement account under the Plan, decedent named plaintiff, his sister, the primary beneficiary of the retirement account. At that time, decedent was not married to defendant. Decedent subsequently married defendant, but the record does not show that decedent ever executed any change to his earlier beneficiary designation under the Plan.

On 21 January 2000, plaintiff filed a complaint in 00 CVS 1045 against defendant and Mercer, as administrator of the Plan, seeking a declaratory judgment that as the designated beneficiary she was entitled to all of the benefits due and payable under the Plan. In addition to the aforementioned background facts, plaintiff alleged that decedent's designation of her as beneficiary was done while decedent

---

1. Appellant, Donna Meeks Wood, is the defendant in 00 CVS 1045 and the plaintiff in 00 CVS 1053. The two cases were consolidated by order of the trial court filed 17 April 2000. In this opinion, any reference to the parties will be consistent with their status in 00 CVS 1045.

was fully competent, and that at no time thereafter had decedent intended to change his beneficiary designation. Plaintiff further alleged that the Plan was a "government plan" within the meaning of 29 U.S.C. § 1002(32), and therefore exempt from compliance with the Employment Retirement Income Security Act ("ERISA"). 29 U.S.C. § 1003(b)(1) (1999).

That same day, defendant filed a complaint in 00 CVS 1053 against CHA and Mercer seeking recovery of all the benefits due and payable under the Plan. Defendant alleged that the Plan *was* covered by ERISA, and as the surviving spouse she was entitled to the benefits of decedent's retirement account pursuant to 29 U.S.C. § 1055. That section requires that all retirement plans covered by ERISA must provide benefits to the surviving spouses of employees who die before retirement. 29 U.S.C. § 1055(a)(2) (1999). These survivorship benefits are payable unless they are expressly waived by the employee with the consent of the spouse. 29 U.S.C. §§ 1055(c)(1)(A), (2)(A). Defendant alleged that she had never consented to any such waiver.

On 23 February 2000, CHA filed a motion to dismiss defendant's claim against it in 00 CVS 1053 pursuant to N.C. R. Civ. P. 12(b)(6). On 8 March 2000, plaintiff filed a motion to consolidate the two actions pursuant to N.C. R. Civ. P. 42(a). On 17 April 2000, the trial court entered an order consolidating the two actions and an order dismissing defendant's complaint against CHA.

On 9 May 2000, plaintiff moved for summary judgment as to all issues in the consolidated actions. The trial court granted summary judgment in favor of plaintiff in an order signed 27 July 2000 and filed 31 July 2000. In its order the trial court ruled that plaintiff was "entitled to receive all vested retirement benefits and supplemental death benefits afforded by the plan to the decedent's designated beneficiary." Defendant filed notice of appeal on 27 July 2000.

By her sole assignment of error, defendant argues that the trial court erred in granting summary judgment in favor of plaintiff. We disagree. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. R. Civ. P. 56(c). Having reviewed the record and found no genuine issue of material fact, we must determine whether the trial court erred in holding that plaintiff was entitled to judgment as a matter of law.

MOORE v. WOOD

[147 N.C. App. 157 (2001)]

Defendant concedes in.her brief that the Plan is a "government plan" and therefore exempt from the requirements of ERISA concerning the payment of benefits to surviving spouses. 29 U.S.C. § 1003(b)(1). Nonetheless, defendant argues that since the Plan was drafted "with Section 401 of the Internal Revenue Code as the reference point,"[2] that sections 401 and 417 of the Internal Revenue Code ("IRC"), which are identical to ERISA provisions concerning the payment of benefits to surviving spouses, apply and entitle defendant to decedent's retirement benefits. Defendant's argument assumes that section 401 of the IRC creates substantive rights that an individual can enforce as the potential beneficiary under a retirement plan. We disagree.

Title II of ERISA sets out requirements pertaining to the qualification of pension plans for favorable tax treatment. *See* 26 U.S.C. §§ 401-419A (1999). Defendant attempts to use these provisions to assert that the Plan is required to pay her decedent's retirement benefits. However, defendant fails to cite any case law .to support her position that section 401 of the IRC creates substantive rights that can be enforced by an individual in a private cause of action. Defendant's failure to cite such case law is very likely for the same reason that our research did not uncover such case law—it simply does not exist.

Federal courts have consistently held that there is no basis to find that the provisions of section 401 of the IRC—which relate solely to the criteria for tax qualification under the Internal Revenue Code— are imposed on pension plans by the substantive terms of ERISA. *See Reklau v. Merchants Nat. Corp.*, 808 F.2d 628, 631 (7th Cir. 1986), *cert. denied*, 481 U.S. 1049, 95 L. Ed. 2d 836 (1987); *Cowan v. Keystone Emp. Profit Sharing Fund*, 586 F.2d 888, 890 n.3 (1st Cir. 1978) ("This section [§ 401 of the I.R.C.] does not appear to create any substantive rights that a beneficiary of a qualified retirement trust can enforce."); *Wiesner v. Romo Paper Products Corp., Etc.*, 514 F. Supp. 289, 291 n.2 (E.D.N.Y. 1981) ("The sections relied on, 26 U.S.C. §§ 401, 404 and 503, do not create a substantive right that a beneficiary, participant, or fiduciary could enforce."); *Vermeulen v. Cent. States, Southeast and Southwest*, 490 F. Supp. 234, 237 n.6 (M.D.N.C.

---

2. Section 9.3 of the Plan provides:

Notwithstanding any other provisions of this Plan to the contrary, each participating Employer's adoption of this Plan must result in the Plan for that organization being a plan "qualified" for favorable tax treatment under Section 401(a) and 501(a) of the Internal Revenue Code, as amended from time to time . . . .

1980) ("This court agrees with the First Circuit's holding in *Cowan v. Keystone Employees Profit Sharing Fund*, 586 F.2d 888, 890 n.3 (1st Cir. 1978)."). While all of these federal cases deal with attempts to use provisions of the Internal Revenue Code as the basis for actions against retirement plans which are covered by ERISA, we find no reason why a different rule should apply in the context of an attempt to use section 401 of the IRC as the basis of an implied private cause of action against a government retirement plan that is exempt from ERISA. Therefore, we hold that the trial court did not err in finding that there was no genuine issue of material fact and plaintiff was entitled to judgment as a matter of law.

Affirmed.

Judges GREENE and BRYANT concur.