<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

────────

**No. 12-1011**

────────

UNITED STATES EX REL. BENJAMIN CARTER,

        Plaintiff - Appellant,

    v.

HALLIBURTON CO; KELLOGG BROWN & ROOT SERVICES, INC.; SERVICE
EMPLOYEES INTERNATIONAL,INC.; KBR, INC.,

        Defendants - Appellees.

────────

On Remand from the Supreme Court of the United States
(S. Ct. No. 12-1497)

────────

Decided on Remand:  August 7, 2015

────────

Before AGEE, WYNN, and FLOYD, Circuit Judges.

────────

Affirmed in part and reversed and remanded in part by
unpublished per curiam order.

────────

**ARGUED:** William Clifton Holmes, DUNLAP, GRUBB & WEAVER, PC,
Leesburg, Virginia, for Appellant.   John Martin Faust, LAW
OFFICE OF JOHN M. FAUST, PLLC, Washington, D.C., for Appellees.
**ON BRIEF:** Thomas M. Dunlap, David Ludwig, DUNLAP, GRUBB &
WEAVER, PC, Leesburg, Virginia, for Appellant.   Craig D.
Margolis, Tirzah S. Lollar, Kathryn B. Codd, VINSON & ELKINS
LLP, Washington, D.C., for Appellees.

---

**ORDER**

---

PER CURIAM:

This case returns to us on remand after the Supreme Court granted Kellogg Brown & Root Services, Inc.'s petition for certiorari, and reversed in part and affirmed in part our decision in United States ex rel. Carter v. Halliburton Co., 710 F.3d 171 (4th Cir. 2013). The only issue left for resolution is whether Carter timely filed his complaint under the principle of equitable tolling. Appellees-Defendants have filed a motion for summary affirmance under Fourth Circuit Local Rule 27(f). Because Carter raised the issue of equitable tolling for the first time in a motion to file a surreply and has not appealed the district court's denial of that motion, we find that the issue is not properly before us and that equitable tolling is thus unavailable. See ACLU v. Holder, 673 F.3d 245, 252 n.5 (4th Cir. 2011). Therefore, we grant Appellees-Defendants' motion for summary affirmance and affirm the district court's judgment in regard to that issue.

Of course, the district court judgment was not wholly free from error, as "dismissal with prejudice of respondent's one live claim" was "not called for" under the first-to-file rule. Kellogg Brown & Root Servs., Inc. v. United States ex rel.

<u>Carter</u>, 135 S. Ct. 1970, 1978-79 (2015); <u>Halliburton Co.</u>, 710 F.3d at 183. Thus, this case is remanded for further proceedings consistent with the Supreme Court's opinion.

<u>AFFIRMED IN PART,</u>
<u>REVERSED AND REMANDED IN PART</u>
