**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 18-6721**

———————

LONNIE BERNARD DAVIS,

                Plaintiff - Appellant,

     v.

SOCIAL SECURITY ADMINISTRATION,

                Defendant - Appellee.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:17-cv-01356-PX)

———————

Submitted:  October 30, 2018                    Decided:  November 14, 2018

———————

Before MOTZ and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Lonnie Bernard Davis, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lonnie Bernard Davis, a federal inmate, brought a civil action against the Social Security Administration (SSA) in connection with his attempt to obtain survivor benefits as his father's heir. The district court dismissed the action and denied Davis's postjudgment motion. In his informal brief, Davis presents four arguments for reversal. Because none of these arguments has merit, we affirm.

First, Davis argues that the SSA engaged in "unlawful discrimination by not providing survivor benefit applications" to him. Informal Br. at 1. This issue is not properly before us. Davis never pleaded a discrimination claim. He mentioned discrimination only once below, in a proposed surreply that the district court did not accept for filing. The district court's local rules do not permit surreplies except pursuant to court order, *see* D. Md. Local Rule 105(2)(a), and we find no abuse of discretion in the district court's decision not to accept Davis's surreply, *see FDIC v. Cashion*, 720 F.3d 169, 176 (4th Cir. 2013). Because this claim was not properly presented to the district court, we consider it waived. *See United States ex rel. Carter v. Halliburton Co.*, 612 F. App'x 180, 180 (4th Cir. 2015).

Second, Davis asserts that the SSA breached a "fiduciary duty" to him, entitling him to remedies provided by the Employee Retirement Income Security Act of 1974 (ERISA). Informal Br. at 2. "ERISA was enacted by the Congress as a comprehensive program to protect individual pension rights by establishing minimum standards for the regulation of *private* retirement plans." *Martin v. Bankers Tr. Co.*, 565 F.2d 1276, 1278

2

(4th Cir. 1977) (emphasis added). The statute does not apply to the SSA, a federal agency administering government benefits.

Third, Davis argues that the district court "should have conducted a preliminary review where the *pro se* and *in forma pauperis* pleadings could be liberally construed." Informal Br. at 2. He suggests that the district court should have referred the case to a magistrate judge for that purpose. *Id.* Davis is correct that *pro se* pleadings must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). But this principle does not entitle *pro se* litigants to an extra stage of review or require referral to a magistrate judge. The record satisfies us that the district court, in granting the SSA's motion to dismiss, properly construed Davis's complaint.

Fourth, Davis argues that the district court improperly rejected his motion for leave to amend and for reconsideration under Federal Rules of Civil Procedure 15(a) and 60(b). Informal Br. at 2. Specifically, he asserts that he "should have been allowed to amend his complaint one time as a matter of course" because the SSA had not yet filed a responsive pleading. *Id.* However, he relies on cases applying Rule 15 as it stood prior to a 2009 amendment. *See Galustian v. Peter*, 591 F.3d 724, 732 n.4 (4th Cir. 2010). Since 2009, Rule 15 has provided that a party may not amend as a matter of course more than 21 days after the filing of a motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B). Davis requested leave to amend long after the SSA filed its motion to dismiss, and so his request was committed to the discretion of the district court. He presents no argument that the district court abused its discretion in denying the motion. *See* Informal Br. at 2.

3

Accordingly, we affirm the district court's judgment. We deny Davis's petition for initial hearing en banc,[*] his motions to suspend the proceedings and to expedite decision, and his request for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] The petition for initial hearing en banc was circulated to the full court. No judge requested a poll under Fed. R. App. P. 35.