Alton F. MARTIN, Plaintiff,

v.

BANKERS TRUST COMPANY, Trustee, et al., Defendants.

Civ. A. No. 75–67(C).

United States District Court,
W. D. Virginia,
Charlottesville Division.

July 21, 1976.

Robert M. Musselman, Charlottesville, Va., for plaintiff.

Robert E. Taylor, Taylor, Brooks & Coles, William Massie Smith, Charlottesville, Va., Albert W. Stubbs, Hatcher, Stubbs, Land,

Hollis & Rothchild, Columbus, Ga., for defendants.

## OPINION and JUDGMENT

DALTON, District Judge.

This is an action brought under the Employee Retirement Income Security Act (hereinafter called "the Act"), 29 U.S.C. § 1001 *et seq.*, by a former alleged employee of the defendant Tom's Foods, Ltd. to recover benefits under that company's pension benefit plan. The plaintiff alleges that he worked for the defendant Tom's Foods, Ltd. from March of 1949 until June 1, 1974. The plaintiff further charges that the Board of Directors of Tom's Foods, Ltd. adopted an employee benefit pension plan to be effective October 1, 1970. This plan is administered by the defendant, Diversified Corporate Services, Inc. and its funds are managed and handled by the defendant Bankers Trust Company as trustee. The plaintiff alleges that he duly notified the Administrator and trustee of the Tom's Foods plan that it was his understanding that he would be entitled to benefits under the plan, but that he has never received these benefits. This case is presently before this court on motions by each defendant to dismiss the complaint for lack of subject matter jurisdiction, on motions by defendants Tom's Foods, Ltd. and Bankers Trust Company to dismiss them on grounds that they are improper party defendants, and on motion by Diversified Corporate Services, Inc. to dismiss the complaint for improper venue.

The initial question which this court must consider is jurisdiction over the subject matter of the complaint. The plaintiff asserts that on or about April 20, 1973, he was informed by the defendant Tom's Foods, Ltd. that his employment as a District Sales Manager with the company would be terminated on May 27, 1973. The plaintiff further asserts that upon termination of his employment, the defendant orally agreed to continue plaintiff's employment until June 1, 1974, but only in the capacity as a consultant to the company. The plaintiff states that his employment was completely terminated on June 1, 1974.

The plaintiff was apparently never paid a fee for his duties as a consultant and this nonpayment is the result of a separate suit in state court. The defendant, Tom's Foods, Ltd., contests the assertion by the plaintiff that he was employed by the defendant from May 27, 1973 to June 1, 1974. At any rate, whether the plaintiff's employment with the defendant was terminated on May 27, 1973 or June 1, 1974, it was clearly terminated by September 2, 1974 when the Employee Retirement Income Security Act became law. The defendants assert that this Act cannot be the jurisdictional basis for this lawsuit since the events on which the plaintiff bases his claim occurred prior to September 2, 1974.

The Employee Retirement Income Security Act is a comprehensive and complex law which filled a major gap in federal labor laws by addressing directly the subject of employee benefit plans. Prior to the enactment of this law, aggrieved employees were often left without a remedy in seeking to recover benefits allegedly due them under a pension plan, *Cuff v. Gleason,* 515 F.2d 127 (2d Cir. 1975) or to correct breaches of duty by fiduciaries in their management of pension funds. *Haley v. Palatnik,* 509 F.2d 1038 (2d Cir. 1975). In addition, the Act recognized the interests of participants in employee benefits plans by requiring more equitable standards for vesting of benefits, minimum standards of funding, and plan termination insurance which prevents employers from denying employees benefits in situations where they had previously been permitted to do so. See *Giler v. Board of Sheet Metal Workers of Southern California,* 509 F.2d 848 (9th Cir. 1975). The first subchapter of the Act entitled "Protection of Employee Benefit Rights" contains regulatory provisions on reporting and disclosure, participation and vesting, funding, fiduciary responsibility and administration and enforcement.

This lawsuit allegedly arises under 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C.

§ 1132(a)(3). These sections respectively read as follows:

A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; A civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

The word "participant" is further defined in 29 U.S.C. § 1002(7) to be

any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit,

The issue then is whether an alleged employee may bring an action in federal court under the two previously enumerated statutes to recover benefits from a pension plan enacted before the effective date of the Act even when the employees relationship with his employer terminated prior to the effective date of the Act. This court does not believe such an action is properly brought in a federal forum under the Employee Retirement Income Security Act.

The parties are in agreement with the general rule that statutes operate prospectively absent a contrary indicated intent. *Greene v. United States,* 376 U.S. 149, 84 S.Ct. 615, 11 L.Ed.2d 576 (1964). Furthermore a review of the statutory language and legislative history of this statute does not indicate such a contrary intent. Other courts have also indicated their understanding that the Act is prospective in nature only. *Nolan v. Meyer,* 520 F.2d 1276 (2d Cir. 1975).

The plaintiff however responds that he is not asking this court to give retroactive effect to the Act, but merely to enforce presently vested rights. Such an argument poses some difficulty for this court. There can be no question but that plaintiff's cause of action had theoretically arisen in June of 1974. By this time plaintiff's employment with Tom's Foods, Ltd. had been terminated under both the plaintiff's and defendants' version of the story. The plaintiff had also duly requested his pension benefits, but had not received them.

Of course the plaintiff could not have brought this lawsuit in June of 1974 because the Employee Retirement Income Security Act was not the law at that time. Thus under the plaintiff's theory, his cause of action lay dormant from June 1, 1974 until the passage of the Act which permitted the action to become a live one. However rights of the plaintiff which became vested on September 2, 1974 go hand in hand with duties of the defendants that arose at the same time. Without question this court could not charge a defendant for breaching a duty under the Act prior to September 2, 1974 since the defendants cannot be held responsible for what was not the law at the time. By the same logic then, the court will not permit the plaintiff to bring this suit for a cause of action that theoretically arose prior to the time the law existed. This would greatly prejudice the rights of the defendants by permitting them to be subject to a charge of a breach of duties at a time when these duties were not written into the law.

To stretch the plaintiff's logic further, any aggrieved employee whose cause of action arose prior to September 2, 1974 could bring suit under this Act as long as it was brought after September 2, 1974. This court does not believe the Congress envisioned this to occur. The plaintiff says however that the inclusion of the term "former employee" in the statutory definition of the word "participant" supports his reasoning. It is more reasonable to assume though that this particular wording was chosen to forbid employers after September

2, 1974 from terminating an employee's job and then attempting to use the discharged worker's unemployment status as a defense in a suit brought under the Act. Congress surely would have more carefully spelled it out had they intended to provide a federal forum for previously disengaged employees whose employment was terminated prior to September 2, 1974. The Congress was very careful to enumerate effective dates for certain parts of the statute. 29 U.S.C. §§ 1031, 1061, 1086, 1114, 1144 and 1381. The care with which Congress did this and the manner with which the Congress handled the problem raised by this lawsuit leave this court with the conclusion that the Congress didn't intend this Act to apply in the manner requested by the plaintiff. Accordingly, this court finds it has no jurisdiction over the subject matter of this complaint.

Having so ruled, this court will decline to address the other motions before it and hereby orders this action to be DISMISSED, and each party to pay their own costs.

The clerk is directed to certify a copy of this opinion to counsel of record.