**George W. BONIN, Plaintiff-Appellant,**

**v.**

**AMERICAN AIRLINES, INC. and the American Airlines, Inc. Pilot Retirement Plan, Defendants-Appellees.**

**No. 79–1590.**

United States Court of Appeals, Fifth Circuit.

June 24, 1980.

Kelly D. McGehee, Robert Dale Conkel, Dallas, Tex., for plaintiff-appellant.

Ralph E. Hartman, Robert C. Feldman, Dallas, Tex., for defendants-appellees.

Before WISDOM, TATE and SAM D. JOHNSON, Circuit Judges.

TATE, Circuit Judge:

The plaintiff filed this action pursuant to the Employee Retirement Income Security Act of 1974 [ERISA], 29 U.S.C. § 1001 *et seq.*, seeking primarily to recover his benefits, to enforce his rights, and to clarify his rights to future benefits under the terms of the American Airlines, Inc. Pilot Retirement Benefit Plan. The sole issue presented by this appeal is whether the district court properly dismissed the complaint for lack of subject matter jurisdiction because the wrongfulness of plaintiff's discharge had not yet been decided by arbitration under the Railway Labor Act, 45 U.S.C. § 151 *et seq.* This case presents a jurisdictional issue of first impression in this Circuit, the resolution of which necessitates examination of the scope and interplay of ERISA and the Railway Labor Act. We conclude that the district court in this case has been conferred jurisdiction over plaintiff's pension claim under Section 502(a) of ERISA [29 U.S.C. § 1132(a)] [1] — if only ultimately to decide in its discretion that the claim is premature and that no relief at this time can be granted; accordingly, we remand for further proceedings not inconsistent with this opinion.

*Context Facts*

The plaintiff, George Bonin, was employed since 1964 by American Airlines where he progressed from the position of flight engineer to that of captain. After an off-duty incident at his Irving, Texas apartment on January 18, 1976, the plaintiff was dismissed from the service of American Airlines.

On May 18, 1976 Mr. Bonin, through his representative, the Allied Pilots Association, applied to have his discharge arbitrated by the Pilots' System Board of Adjustment, pursuant to the collective bargaining agreement between American Airlines and the airline pilots in the service of American Airlines as represented by the Allied Pilots Association. The discharge grievance has been docketed but apparently due to the plaintiff's failure to prosecute his claim, an arbitration proceeding has not yet been scheduled.

On May 29, 1976, Mr. Bonin applied for disability benefits under the American Airlines, Inc. Pilot Retirement Plan. Section 12.4 of this Retirement Plan provides:

*Effect of Certain Determinations under other Agreements.* In administering the Plan, the Administrator shall be bound by any determination pursuant to the Agreements between American Airlines and the Air Line Pilots in the service of American Airlines as represented by Allied Pilots Associations, effective January 14, 1975 and April 1, 1977, as applicable, affecting such issues as discharge of a Member or group of Members. The Administrator shall not administer the Plan in any manner inconsistent with a final determination under such Agreements. *Notwithstanding any other provision of this Plan, neither the interpretation of the Plan nor its administration shall as such be within the jurisdiction of such Agreements.*

Record on Appeal at 40 (emphasis supplied).

The Plan Administrator has steadfastly adhered to the position (and repeatedly informed the plaintiff to this effect) that no action on plaintiff's disability claim could be made until there was a resolution by the Pilots' System Board of Adjustment of his pending discharge grievance.

---

1. Section 502(a) permits a participant or a beneficiary of a pension plan to sue, and Section (e)(1) [29 U.S.C. § 1132(e)(1)] gives the district court jurisdiction of such suits. A potential ERISA plaintiff is granted a wide choice of federal court venue, liberal service of process rules, and relief from the jurisdictional amount requirement. *See* 29 U.S.C. § 1132(e)(2) and 29 U.S.C. § 1132(f).

The plaintiff thereafter brought this suit under ERISA that seeks to recover not only the pension benefits allegedly owed him under the plan [29 U.S.C. § 1132(a)(1)(B)], but also certain statutorily prescribed penalties arising from the defendants' alleged refusal to supply the plaintiff with specific documents relating to the plan (Summary Plan Description and the latest annual report of the plan) [2] and attorney's fees.[3] Additionally, the plaintiff's complaint alleges the breach of defendants' fiduciary duty [4] and the breach of the defendants' statutory duty not to interfere in any manner with plaintiff's rights under the Retirement Plan and under ERISA.[5] Paragraphs 10 and 11 of plaintiff's complaint respectively; Record on Appeal at 7–8.

*The Railway Labor Act*

The Railway Labor Act establishes mandatory procedures for the resolution of disputes within its coverage. The Act recognizes two kinds of disputes, delineated by the Supreme Court as "major" and "minor" disputes. A major dispute concerns the formation of a collective bargaining agreement or the substantial alteration or amendment of an already existing collective bargaining agreement. A minor dispute, on the other hand, involves the interpretation of an existing labor management contract. *Elgin, Joliet & Eastern Railway Co. v. Burley*, 325 U.S. 711, 723, 65 S.Ct. 1282, 1289–90, 89 L.Ed. 1886 (1944), *rehearing granted*, 326 U.S. 801, 66 S.Ct. 86, 90 L.Ed. 488 (1945), *modified*, 327 U.S. 661, 66 S.Ct. 721, 90 L.Ed. 928.

The Act as extended in 1936 to air carriers [45 U.S.C. § 184] requires air carriers and their employees, acting through their representatives, to establish system boards of adjustment for the resolution of disputes

**2.** Section 502(c) of ERISA, 29 U.S.C. § 1132(c), empowers a district court in its discretion to impose a fine of up to $100 per day on "[a]ny administrator who fails or refuses to comply with a request for any information which such administrator is required . . . to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to . . . the requesting participant or beneficiary within 30 days after such request. . . ." The time limits have been extended under certain circumstances. *See* 29 C.F.R. §§ 2520 .104–5 to .104–6 (1976). *See generally* Miller & Dorenfeld, *ERISA: Adequate Summary Plan Descriptions*, 14 Hou.L.Rev. 835 (1977).

**3.** Subsection (g) of § 502 also empowers the district court in its discretion to impose reasonable attorney's fees or costs on either party. 29 U.S.C. § 1132(g).

**4.** ERISA [29 U.S.C. § 1104(a)(1)] requires that: a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—
(A) for the exclusive purpose of:
(i) providing benefits to participants and their beneficiaries; and
(ii) defraying reasonable expenses of administering the plan;
(B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

(C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and
(D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this [title.]

**5.** Section 510 of ERISA, 29 U.S.C. § 1140, reads:
It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act. . . . The provisions of section 1132 of this title shall be applicable in the enforcement of this section.
Section 511, 29 U.S.C. § 1141, provides:
It shall be unlawful for any person through the use of fraud, force, violence, or threat of the use of force or violence, to restrain, coerce, intimidate, or attempt to restrain, coerce, or intimidate any participant or beneficiary for the purpose of interfering with or preventing the exercise of any right to which he is or may become entitled under the plan, this subchapter, section 1201 of this title, or the Welfare and Pension Plans Disclosure Act. Any person who willfully violates this section shall be fined $10,000 or imprisoned for not more than one year, or both.

between an air carrier and its employees over the interpretation and application of the parties' collective bargaining agreement.[6] *See International Association of Machinists v. Central Airlines, Inc.,* 372 U.S. 682, 83 S.Ct. 956, 10 L.Ed.2d 67 (1963). These boards of adjustment are the "mandatory, exclusive, and comprehensive system for resolving grievance disputes." *Locomotive Engineers v. Louisville & Nashville R. Co.,* 373 U.S. 33, 38, 83 S.Ct. 1059, 1062, 10 L.Ed.2d 172 (1963).

*Employee Retirement Income Security Act of 1974*

The dramatic modern explosion of employee pension plans prompted Congress to enact ERISA. "Prior to the enactment of [ERISA], aggrieved employees were often left without a remedy in seeking to recover benefits allegedly due them under a pension plan . . . or to correct breaches of duty by fiduciaries in their management of Pension funds." *Martin v. Bankers Trust Co.,* 417 F.Supp. 923, 924 (W.D.Va.1976), *aff'd,* 565 F.2d 1276 (4th Cir. 1977). *See also* H.R.Rep.No.93–533, 93d Cong., 2d Sess. *reprinted in* [1974] U.S.Code Cong. & Admin.News at p. 4639. The statute itself contains a succinct unequivocal statement of legislative intent:

> It is hereby declared to be the policy of this Act to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate reme-

dies, sanctions, and ready access to the Federal courts.

29 U.S.C. § 1001(b).

*Subject Matter Jurisdiction*

■ Despite its express provision allowing suits over the coverage and application of pension plans to be brought in federal court, ERISA was not intended to, nor did it, preempt the mandatory arbitration provisions of the Railway Labor Act. *Air Line Pilots Ass'n v. Northwest Airlines, Inc.,* 444 F.Supp. 1138, 1141 (D.D.C.1978), *aff'd in part, rev'd in part,* No. 78–1285 & No. 78–1383 (D.C.Cir., filed February 20, 1980). This conclusion is supported by the express statutory provision that ERISA should not be interpreted as displacing any pre-existing federal legislation.[7] Among the laws in effect at the time of the ERISA enactment was the Railway Labor Act.

Therefore, as the plaintiff recognizes, his discharge grievance is governed entirely by the collective bargaining agreement and subject to the jurisdiction of the System Board of Adjustment by the Railway Labor Act.

This preliminary conclusion, however, does not terminate our present inquiry. The resolution of the discharge issue may, as the defendants suggest, ultimately affect the availability and/or amount of the retirement benefits available to this plaintiff under this pension plan. However, a forecast of the ultimate success of plaintiff's ERISA claim does not control the threshold determination of federal court subject matter jurisdiction.

■ Under Section 12.4 of the plan the determination as to the wrongfulness of the discharge will be final and binding to the

---

**6.** 45 U.S.C. § 184 relevantly provides:

The disputes between an employee or group of employees and a carrier or carriers by air growing out of grievances, or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions . . . shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to an appropriate

adjustment board, as hereinafter provided, with a full statement of the facts and supporting data bearing upon the disputes.

**7.** Nothing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States (except as provided in sections 1031 and 1137(b) of this title) or any rule or regulation issued under any such law.

29 U.S.C. § 1144(d). The above statutory exceptions are inapplicable to the present case.

extent it controls the availability or computation of benefits under the pension plan (the degree to which, if any, should be determined by the district court in the first instance), since "[t]he Administrator shall not administer the Plan in any manner inconsistent with a final determination" under the collective bargaining agreement. There is presently no final determination of the discharge matter that could potentially affect plaintiff's right to disability benefits. Section 12.4 of the Retirement Plan does not require the Plan Administrator to defer action on Mr. Bonin's pension claim until a final determination is made by the Pilots' System Board of Adjustment regarding the arbitration of the plaintiff's discharge; it merely requires the Plan Administrator not to administer the pension plan inconsistently therewith.

Our holding that the district court has jurisdiction over plaintiff's pension claim under Section 502(a) of ERISA is supported by a recent decision of the District of Columbia Circuit Court of Appeals. In *Air Line Pilots Ass'n v. Northwest Airlines, Inc., supra,* the parties agreed as part of their pension plan that the adjustment board would hear all disputes arising out of the application and interpretation of the pension plan. The district court dismissed the pension claim for lack of subject matter jurisdiction, since the pension dispute under the particular circumstances had to be submitted to binding arbitration under the Railway Labor Act because the pension issue concerned the interpretation and application of a collective bargaining agreement. The court of appeals affirmed the dismissal so far as the action related to the application and interpretation of the pension plan, but reversed the dismissal to the extent that the complaint alleged violations of ERISA that were independent of the coverage

and meaning of the pension plan (e.g., the breach of fiduciary and disclosure requirements).[8]

In this case the plaintiff has similarly presented the independent claims of breach of fiduciary and disclosure requirements, and the district court under the *Air Line Pilots Ass'n v. Northwest Airlines* rationale would clearly retain jurisdiction over these independent statutory claims even if plaintiff's pension claim had to be submitted to binding arbitration.

However, the plan before us significantly provides that "neither the interpretation of the Plan nor its administration shall as such be within the jurisdiction" of the collective bargaining agreement. Congress by enactment of ERISA endorsed in effect two alternative methods of administering pension plan claims for employers whose collective bargaining disputes are governed by the Railway Labor Act: (1) arbitration of employee pension claims or (2) independent administration of claims by the pension plan administrator with a federal right or review pursuant to ERISA:

> The most that can be gathered from . . [ERISA's] background is that Congress did not wish to require *all* benefit plans to offer an arbitral remedy, nor did it desire to make it possible for any collective bargaining agreement, no matter in what industry or business, to make arbitration compulsory.

*Air Line Pilots Ass'n v. Northwest Airlines, Inc., supra,* (emphasis in original). Since the pension plan in this case is not maintained pursuant to a collective bargaining agreement, the district court has jurisdiction of plaintiff's pension claim under ERISA.

At this time, however, we express no preference as to the various alternatives

---

**8.** The defendants' reliance on *De La Rosa Sanchez v. Eastern Airlines, Inc.*, 574 F.2d 29 (1st Cir. 1978), as support for the proposition that the plaintiff is required to submit his disability claim to binding arbitration under the Railway Labor Act is misplaced. In *Sanchez* the plaintiff sought an Eastern Airlines pension and a disability pension from Caribair (a carrier integrated into the Eastern system). The collective

bargaining agreement between Eastern and the Air Line Pilots Association controlled the former Caribair pilots' rights to disability pensions. Therefore, the terms of a collective bargaining agreement were necessarily at issue in determining the plaintiff's right to benefits. In the case at bar, the pension plan is not maintained pursuant to a collective bargaining agreement.

(suggested by the jurisprudence) available to the district court in proceeding with the pension dispute on its merits:

1. The district court could award the lower of the pension rights as between disability and discharge for cause subject to the employer's right of recoupment should the arbitration proceeding ultimately result in the plaintiff's reinstatement. *See Kulchin v. Spear Box Company, Inc. Retirement Plan*, 451 F.Supp. 306, 312 (S.D.N.Y.1978).

2. The district court could award the higher disability pension rights subject to the employer's right of recoupment should the arbitrator order the plaintiff reinstated or decide the plaintiff was discharged for cause. *Id.*

3. The district court could suspend its own proceedings until the completion of the arbitral process. *Air Line Pilots Ass'n v. Northwest Airlines, Inc., supra.*

With the benefit of the fuller factual development that will result from this remand, the district court in its discretion can choose the most appropriate alternative.

*Summary*

In summary, we hold that the district court has subject matter jurisdiction under Section 502(a) of ERISA [29 U.S.C. § 1132(a)] over plaintiff's pension claim under this pension plan that expressly states its independence from the collective bargaining agreement. Accordingly, we REVERSE and REMAND for fuller factual development and for further proceedings not inconsistent with this opinion.