IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-11243
Summary Calendar
_____


RICHARD G. FELKER, Individually and
on behalf of others similarly situated;
RICHARD L. HUDSON; STEVE FULMER,
On behalf of themselves and all others similarly
situated,

                                        Plaintiffs-Appellants,

                    versus

AMERICAN AIRLINES, INC., ET AL.,

                                        Defendants,

AMERICAN AIRLINES, INC.; PENSION
PLAN FOR AIRCAL FLIGHT DECK CREWS;
AMERICAN AIRLINES INCORPORATED PILOT
RETIREMENT BENEFIT PROGRAM - FIXED
INCOME PLAN; NATIONSBANK OF TEXAS, N.A.,
as Co-Trustee of the American Airlines Incorporated
Pilot Retirement Benefit Program - Fixed Income Plan,

                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CV-510
_____
July 28, 2000

Before POLITZ, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiffs appeal the denial of their motion under Fed. R. Civ. P. 60(b)(4), which provides that a judgment may be set aside if it is void. They contended in their motion, and urge on appeal that the judgment of the trial court purportedly dismissing their claims with prejudice was void because the court determined that certain claims were abandoned, time-barred, or failed to state a claim for which relief could be granted, but simultaneously it determined that the claims were preempted by the Railway Labor Act (RLA).[1]

Plaintiffs untimely appealed the judgment dismissing their claims (the "July judgment") and timely appealed the judgment dismissing a claim that had been settled (the "October judgment"). They later sought relief from the July judgment under Rule 60(b)(4). The district court denied this motion (the "November judgment") and reaffirmed its dismissal with prejudice by observing that the plaintiffs "are not free to pursue in another court the claims that are preempted by the [RLA]." Plaintiffs then appealed the denial of the Rule 60(b) motion. Defendants move to dismiss all appeals.

On March 14, 2000, we dismissed the untimely appeal of the July judgment, but carried with the case the appeals of the October and November judgments. Plaintiffs have now abandoned their appeal of the October judgment and, accordingly, the defendants' motion to dismiss that appeal is GRANTED.

---

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 45 U.S.C. § 151 et seq.

Defendants' motion to dismiss the November appeal is intertwined with the merits of the appeal and is DENIED AS MOOT.[2]

When the district court determined that the plaintiffs' claims were preempted by the RLA, the court immediately lacked subject-matter jurisdiction over those claims.[3] Accordingly, the court erred in addressing the merits of those claims.[4] Despite any superfluous treatment of the merits, however, the dismissal of the claims with prejudice was nonetheless properly based on the determination of preemption.[5]

The July judgment dismissing the claims with prejudice was not void under Rule 60(b)(4), and we review the denial of that Rule 60(b) motion for an abuse of discretion.[6] Rule 60(b) is not a substitute for an appeal, and absent exceptional circumstances, a party's failure to prosecute a timely appeal will bar relief under the rule.[7]

The errors in reasoning of which the plaintiffs complain do not constitute exceptional circumstances; they simply are errors that could have been addressed on appeal. The district court did not abuse its discretion in denying relief under Rule 60(b). Accordingly, the decision of November 20, 1999 denying the Rule 60(b) motion is AFFIRMED.

---

[2]Technical Chem. Co. v. Ig-Lo Prod. Corp., 812 F.2d 222, 225, n.1 (5th Cir. 1987).

[3]Bonin v. American Airlines, Inc., 621 F.2d 635, 638 (5th Cir. 1980).

[4]United States ex rel. Foulds v. Texas Tech Univ., 171 F.3d 279, 286-87 (5th Cir. 1999).

[5]Baker v. Farmers Elec. Coop., Inc., 34 F.3d 274, 284-85 (5th Cir. 1994).

[6]Carter v. Fenner, 136 F.3d 1000, 1005 (5th Cir. 1998).

[7]Id. at 1005-06.

The district court's ruling and this court's disposition of the appeal do not preclude arbitration under the RLA.